598 P.2d 100

AG RANCHO EQUIPMENT COMPANY, an Arizona Corporation, Max W. Bloomfield and Myrtle R. Bloomfield, his wife, Appellants,

v.

MASSEY–FERGUSON, INC., and Massey-Ferguson Credit Corp., Maryland Corporations, Appellees.

No. 14163.

Supreme Court of Arizona, In Division.

July 23, 1979.

Lewis & Roca by Kimball J. Corson, Paul G. Ulrich, Charles G. Case II, Phoenix, for appellants.

Rawlins, Ellis, Burrus & Kiewit by James M. Marlar, Phoenix, for appellees.

STRUCKMEYER, Vice Chief Justice.

This appeal is from a default judgment entered against AG Rancho Equipment Company and a judgment entered after trial against Max and Myrtle Bloomfield, guarantors. Remanded with directions.

On February 10, 1976, appellees brought an action for breach of contract against AG Rancho Equipment Company and the Bloomfields. Interrogatories pursuant to Rule 33, Rules of Civil Procedure, 16 A.R.S., were served upon the AG Rancho Equipment Company. The AG Rancho Equipment Company did not answer the interrogatories.

By Rule 37(a)(2), Rules of Civil Procedure, if a party fails to answer an interrogatory submitted under Rule 33:

"[t]he discovering party may move for an order compelling an answer, * * *."

Then if a party fails "to obey an order to provide or permit discovery," the court may, pursuant to Rule 37(b)(2), impose sanctions, including:

"an order striking out pleadings * * * or dismissing the action * * * or rendering a judgment by default against the disobedient party; * * * [or] [i]n lieu

of any of the foregoing orders * * * the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure * * *."

However, appellees did not move for an order compelling discovery under Rule 37(a)(2) as suggested by Rule 33(a), but, rather, filed a motion to strike the equipment company's answer, to dismiss its counterclaim and to render a judgment by default under the provisions of Rule 37(d).[1] The Superior Court granted appellees' motion in all of its aspects and thereafter a default judgment was entered against AG Rancho Equipment Company on August 29, 1977. The cause of action against the Bloomfields as guarantors was subsequently tried and a judgment was perfunctorily entered against them.

Appellants assert that initially counsel for both parties to this controversy entered into a mutual and open extension of time within which to answer interrogatories; that late in November, 1976, the Bloomfields and the AG Rancho Equipment Company terminated the services of their lawyer, and that a few days later they met with the appellees' attorney and explained to him that appellants were seeking a new representation from a west coast law firm; that they did not receive any notice of the appellees' motion for sanction, and that before the Bloomfields heard whether they would be represented by the west coast firm, they received a copy of a minute entry order stating that the AG Rancho Equipment Company's answer and counterclaim were stricken and that a default judgment would be entered.

■ The power to impose sanctions even after a court order compelling discovery is discretionary with the trial court. See *General Dynamics Corp. v. Selb Manufacturing Co.,* 481 F.2d 1204, 1211 (8th Cir.

1973), *cert. denied* 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974). Where it has been established that failure to comply has been due to inability and not to willfulness, bad faith or fault of the non-complying party, sanctions should not be imposed. "Particularly is the Court to act cautiously when the sanction imposed is that of default judgment, which is 'the most severe in the spectrum of sanctions provided by statute or rule.'" *Wilson v. Volkswagen of America, Inc.,* 561 F.2d 494, 503 (4th Cir. 1977), *cert. denied,* 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978), *quoting National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). (Footnotes omitted.)

■ We think the conclusions of the Court of Appeals in *Edgar v. Slaughter,* 548 F.2d 770, 772 (8th Cir. 1977), are especially appropriate here:

"The various sanctions under Rule 37(b)(2)(A–E) allow the court, *inter alia,* to treat such failure as contempt of court, to require the payment of reasonable attorney fees, to stay proceedings until the order is obeyed, to require admissions, to allow designated evidence without further dispute, to strike pleadings, and to enter a dismissal or judgment by default. It can readily be perceived that the latter sanction is most severe and harsh. The Supreme Court and this court have strongly indicated that the harsh remedies of dismissal and default should only be used when the 'failure to comply has been due to . . . willfulness, bad faith, or any fault of petitioner.' *Societe Internationale v. Rogers,* 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255 (1958); and *General Dynamics Corp. v. Selb Mfg. Co.,* 481 F.2d 1204, 1211 (8th Cir. 1973). As Judge Van Oosterhout stated, '[t]here is a strong policy favoring a trial on the merits and against depriving a party of his day in court.' *Fox v.*

1. Rule 37(d) provides:

"If a party * * * fails * * * to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, * * * the court in

which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. * * *"

**124**

*Studebaker-Worthington, Inc.,* 516 F.2d 989, 996 (8th Cir. 1975).

These cases reflect the proper balance between the conflicting policies of the need to prevent delays and the sound public policy of deciding cases on their merits. *McCargo v. Hedrick,* 545 F.2d 393, 396 (4th Cir. 1976); and *Reizakis v. Loy,* 490 F.2d 1132, 1135 (4th Cir. 1974). This balance recognizes that a trial judge should have wide latitude in controlling pretrial discovery orders and should seek compliance with his orders. But this balance also recognizes that in our system of justice the opportunity to be heard is a litigant's most precious right and should be sparingly denied. Prior to dismissal or entering a default judgment, fundamental fairness should require a district court to enter an order to show cause and hold a hearing, if deemed necessary, to determine whether assessment of costs and attorney fees or even an attorney's citation for contempt would be a more just and effective sanction." (Footnote omitted.)

For the reason that the Superior Court did not hold a hearing to determine whether the failure to answer the interrogatories was due to willfulness or bad faith before striking AG Rancho Equipment Company's answer and counterclaim and entering a default judgment, this matter is ordered returned to the Superior Court with directions to determine whether the sanctions imposed were merited. If the Superior Court finds that other sanctions recognized in Rule 37(b)(2) would have been suitable, it shall set aside the judgments and reinstate appellants' pleadings.

CAMERON, C. J., and HOLOHAN, J., concur.