760 P.2d 622

**Donald Steve ROBINSON, a single man, Plaintiff–Appellee,**

v.

**Henry HIGUERA and Jan Blagrave Higuera, husband and wife, dba Hank's Auto and Truck, Defendants–Appellants.**

**No. 1 CA–CIV 9882.**

Court of Appeals of Arizona,
Division 1, Department D.

Aug. 16, 1988.

Law Offices of David L. Lange by David L. Lange, Kenneth P. Smith, Prescott, for plaintiff-appellee.

Richard A. Wilson, Phoenix, and Walter Francis Wilson, Sr., Prescott, for defendants-appellants.

## OPINION

KLEINSCHMIDT, Judge.

This is an appeal from a default judgment entered as a sanction for failure

to comply with a discovery order. The sanction was imposed under the authority of Rule 37(b)(2), Arizona Rules of Civil Procedure. The sole issue is whether there is sufficient evidence in the record to support the court's order. It is our opinion that the entry of default as a sanction for the attorney's dereliction, as opposed to the client's, is unauthorized. The record as it now stands does not clearly show that the client was derelict or obstructive. We remand this case so that the trial court may hold a hearing to determine whether the client was a party to the dereliction or obstructive tactics that marked this case. If he was, default is appropriate. If he was not, and the obstruction or dereliction was solely attributable to counsel, the trial court may impose an appropriate but less severe sanction under Rule 37(b)(2).

Donald Steve Robinson filed a complaint against Henry Higuera and Jan Blagrave Higuera, husband and wife, dba Hank's Auto and Truck, for breach of contract and an accounting; for fraud and misrepresentation; and for unpaid wages. Higuera answered the complaint. On March 12, 1987, Robinson filed a request for production of documents. On April 29, 1987, Robinson filed a notice of service of nonuniform interrogatories and request for admissions of facts and genuineness of documents. When the deadline for compliance passed, Robinson sent two letters to Higuera's attorney extending the time for Higuera to provide the requested discovery until May 27, 1987, at which time Robinson intended to file a motion for an order compelling compliance.

Also on April 29, 1987, Robinson filed a notice of deposition to take the deposition of Higuera on June 5, 1987, at 10:00 a.m. This discovery request, like all others, was served by mail on Higuera's attorney. Higuera responded by letter on May 27, asserting that all existing documents had been produced and that a deposition would not produce relevant material. On June 5, neither Higuera nor his attorney appeared for Higuera's deposition. Higuera did, however, answer the nonuniform interrogatories and request for admissions, which Robinson filed on June 10.

On June 23, Robinson filed a motion to compel discovery seeking an order that Higuera give his deposition and produce previously requested documents. A copy of the motion to compel was mailed to Higuera's attorney. On July 7, Higuera filed a response to Robinson's motion to compel discovery, stating that Higuera's attorney was out of town on the June 5 deposition date and volunteering to submit to deposition at any future date Robinson selected. The response also indicated that each interrogatory and request for admission had been answered. On July 23, 1987, Robinson filed an amended notice of deposition to take Higuera's deposition on August 12, 1987, at 10:00 a.m. He mailed a copy of the notice to Higuera's attorney.

On August 6, 1987, without oral argument, the trial court granted Robinson's motion to compel discovery. The minute entry ordered Higuera to produce the requested documents on or before August 14, 1987, and ordered Higuera to appear for his deposition on or before August 21, 1987. The minute entry permitted Robinson to notice the deposition and set the time, place, and date for it. The minute entry also stated that "in the event the Defendants, Higueras, fail to comply with the order of the Court, default shall be entered against the Defendants."

On August 12, 1987, Higuera's attorney went to Higuera's place of business to pick him up for the deposition scheduled prior to the court's order, but, according to the attorney, Higuera was not there. Higuera's attorney telephoned Robinson's attorney at approximately 9:00 a.m. to inform him that Higuera was unavailable to be deposed at 10:00 that morning. Robinson held the deposition anyway; and, at ten minutes after the time scheduled, the court reporter noted Higuera's failure to appear.

On August 20, 1987, Robinson filed a motion for default judgment based upon the court's August 6 minute entry ordering Higuera to appear for a deposition or have a default judgment entered against him. Four days later, on August 24, 1987, Higuera's attorney filed a response to Robin-

son's motion for default judgment, asserting that Higuera did not know of the deposition scheduled on August 12, 1987. The response also asserted that Higuera had missed the June 5, 1987, deposition only because his attorney had not come to his garage to pick him up for the deposition and for that reason he thought it had been cancelled. The response contained the following statement: "Defendant HENRY HIGUERA did not know of the notice for deposition in the instance that notice was given for August 12, 1987 regardless of how implausible this may seem, it is nevertheless true." Higuera's counsel, W. Francis Wilson, signed the motion. Under his signature counsel included the following sentence: "W. FRANCIS WILSON [counsel], being first duly sworn deposes and says that the matters stated above of which he has knowledge are true." His notarized signature appears immediately thereafter. The response also asserted that all available documents had been produced. On August 24, 1987, the same day Higuera's response was filed, and without noting whether he had seen the response, the judge entered default judgment against Higuera for $5,500 plus interest, costs and attorneys fees.

Higuera contends that the trial court abused its discretion by entering a default judgment against him without holding a hearing to determine whether his non-compliance with the court's discovery order was due to his personal willfulness or bad faith. Robinson argues that a hearing was not necessary because Higuera's bad faith or willfulness in violating the production order was apparent from the record, and second, because Higuera did not request a hearing.

■ Due process does not require that a hearing be held in every case prior to imposition of Rule 37(b)(2) sanctions of dismissal or entry of default judgment. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Edgar v. Slaughter*, 548 F.2d 770, 772 (8th Cir.1977). Our public policy prefers sanctions less drastic than dismissal and that preference in turn gives rise to a preference for a

hearing to determine whether a failure to produce was willful or in bad faith and whether the circumstances justify drastic action. *Zakroff v. May*, 8 Ariz.App. 101, 443 P.2d 916 (1968). Where willfulness or bad faith or fault of the party is clear from the record a hearing may not be necessary. *Link*, 370 U.S. at 632, 82 S.Ct. at 1389, 8 L.Ed.2d at 739.

■ Normally, where a default judgment has been taken, the neglect of an attorney is attributed to the client, and only when the attorney's omission or failure to act is legally excusable may relief be obtained. *Treadaway v. Meador*, 103 Ariz. 83, 436 P.2d 902 (1968); *Liberty Mut. Ins. Co. v. Rapton*, 140 Ariz. 60, 680 P.2d 196 (App.1984). If this were the end of the analysis we would affirm the trial court's entry of default judgment based upon the dilatory or obstructive conduct of Higuera's counsel. The supreme court, however, has distinguished default judgments entered under Rule 37(b)(2) as a result of counsel's willful or bad faith discovery practices from default judgments entered for other reasons. *Treadaway*, 103 Ariz. at 84, 436 P.2d at 903. In *Treadaway*, the court ordered the Treadaways to answer certain interrogatories on pain of dismissal pursuant to Rule 37(b)(2). The Treadaways, who had been without counsel, retained an attorney to file answers to the interrogatories on their behalf. The attorney never filed the answers. The court dismissed their complaint with prejudice. The Treadaways' attorney thereafter was disbarred, in part for his negligent misconduct of Treadaways' case. On appeal, the supreme court held that the trial court had abused its discretion in failing to set aside the judgment of dismissal after determining that the Treadaways' attorney was solely at fault for the violation of the discovery order. The supreme court explained its holding saying:

[I]t would be casting too great a burden on the [party] to charge them with the negligence, deceit and fraud of their attorney, because they failed to exercise such high degrees of discernment and sagacity as would enable them to deter-

mine in advance that he could not be trusted with legal business, though licensed to practice law and permitted by bench and bar to remain in good standing.

*Id.* at 84, 436 P.2d at 903. Where the party is not guilty of misconduct in the discovery process he should not suffer default as a result of his counsel's guilty conduct. *Id.* Similarly, if there is a question as to whether the party is guilty or innocent of such misconduct, a hearing is required to settle the question. *Birds Int'l Corp. v. Arizona Maintenance Co.*, 135 Ariz. 545, 662 P.2d 1052 (App.1983).

In *Birds International*, the trial court granted a motion to dismiss as a Rule 37(b)(2) sanction for failure to comply with a discovery order. The plaintiff filed a motion to set aside the dismissal. Attached to that motion were affidavits from the plaintiff's two attorneys. The affidavits said that neither of the affiants had received any of the documents relating to the defendant's discovery request until they received the notice of the entry of default and dismissal. The defendant responded with a motion and affidavits showing the proper mailing of all documents relating to the discovery request. The trial court denied the motion to set aside, indicating that it believed the discovery documents were received by the plaintiff's counsel. On appeal, the court of appeals said:

> We agree that if our only concern in this appeal was whether appellant's former counsel had sufficient opportunity to show why they, the attorneys, had not complied with the discovery order, we should let the dismissal stand. But that is not our only concern.
>
> The trial court needs to determine what, if anything, the corporate plaintiff knew about the discovery order, and, if it knew, what it did as opposed to what its counsel did.

\* \* \* \* \* \*

Unless the appellant, as opposed to the attorneys, was guilty of willful misconduct or bad faith resulting in the failure to make discovery, the dismissal must be set aside.

The supreme court reversed and remanded the case with directions that the trial court conduct a hearing to find out the extent of the corporate plaintiff's knowledge and thereafter impose an appropriate sanction.

This case is very similar to *Treadaway* and *Birds International*. The trial court could have found bad faith, willful misconduct, or at the least negligence on the part of Higuera's counsel. However, there is very little in the record to dispute counsel's assumption of the entire blame for the failure to comply with the court's order. Entry of a default judgment on this record was error.

Robinson argues that Higuera waived the right to a hearing by not requesting one. Higuera's response to Robinson's motion for entry of default judgment was timely filed on August 24, 1987, the same day the trial court ordered entry of default judgment against Higuera. Higuera's counsel's affidavit, included in the response, stated facts that should have alerted the trial court to the question of whether Higuera had personal knowledge of his counsel's failure to comply with the discovery order.

■ When questions arise as to a party's bad faith or willful misconduct in violating a discovery order, fundamental fairness requires that the court hold an evidentiary hearing prior to entry of default judgment or dismissal. *AG Rancho Equip. Co. v. Massey–Ferguson, Inc.*, 123 Ariz. 122, 124, 598 P.2d 100, 102 (1979). We reverse and remand so that a proper evidentiary hearing can be conducted. If the court finds that Higuera willfully, with bad faith or through his own fault failed to comply with its discovery order, then it may, if it still deems such sanction appropriate, reinstate the default judgment against Higuera. If the trial court finds Higuera was not at fault it may select whatever other sanction it deems appropriate under Rule 37(b)(2).

FIDEL, P.J., and MEYERSON, J. Pro Tem., concur.

NOTE: The Honorable Bruce Meyerson, Judge *pro tempore* of a court of record, has been authorized to participate in this matter by the Chief Justice of the Arizona Supreme Court, pursuant to Arizona Const. art. VI, § 31.