790 P.2d 768

**Phillip NESMITH and Linda Nesmith, husband and wife, Petitioners,**

**v.**

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Robert D. Myers, a judge thereof, Respondent Judge,**

**CHIVES RESTAURANT, INC., an Arizona corporation, Real Party in Interest.**

**No. 1 CA–SA 90–030.**

Court of Appeals of Arizona, Division 1, Department A.

April 19, 1990.

Snell & Wilmer by James H. Marburger and Steve D. Leach, Phoenix, for petitioners.

Teilborg, Sanders & Parks, P.C. by David J. Damron and Edythe H. Kelly, Phoenix, for real parties in interest.

OPINION

KLEINSCHMIDT, Judge.

We accept jurisdiction in this special action to settle whether the trial court improperly dismissed one of the plaintiff's claims as a sanction for abusing discovery. We hold that the trial court erred, and we vacate its order of dismissal without prejudice to reconsider appropriate sanctions upon a proper consideration of fact and proper application of law.

This case presented the trial judge with a frustrating dilemma that is typical of dis-

covery difficulties. While the plaintiff's counsel has conceded that he was dilatory in some respects, many of the defendant's accusations about the misconduct of the plaintiff and plaintiff's counsel are conclusory, disputed, and at the very least relate to behavior that is subject to more than one interpretation. Both sides presented all this to the judge in the form of assertion and argument, and it would have been very difficult for any judge to have made an informed decision on the matter. It is not surprising that matters went awry. What happened follows.

Phillip Nesmith sued to recover for injuries allegedly received as the result of having swallowed a piece of glass while dining at Chives, a Phoenix restaurant. One of Nesmith's claims, his major claim in fact, is for lost earning capacity.

As the litigation in this case ground on, counsel for the parties became involved in a number of discovery problems. One of the more serious of these involved voluminous business records, the originals of which the plaintiff had made available to the defendant for inspection and copying at the office of plaintiff's counsel. The plaintiff personally, after consultation with his attorneys, refused to turn over custody of the original documents to counsel for the defendant.

After hearing argument on the defendant's Motion to Compel and Request for Sanctions, the trial court entered the following order:

> THE COURT FINDS that Mr. Marburger's [counsel for plaintiff] tactics with regard to these issues are obstructionist. The Court feels that there is absolutely no reason to refuse to turn over to another lawyer original documents.
>
> THE COURT FURTHER FINDS that the failure to timely respond to the request for production originally and since then has led to a great deal of difficulty on the part of the Defendant to defend the issues of lost earning capacity.
>
> IT IS THEREFORE ORDERED that the claim of the Plaintiff for loss of earning capacity is stricken from this case.

> The plaintiffs [sic] lawyers are Ordered to pay to the Defendants [sic] lawyers, and not the plaintiff but Plaintiffs [sic] lawyers, the sum of $750.00 pursuant to Rule 37, within 30 days from the date of this Order.

■ We believe the trial judge erred in four respects. First, Rule 34 of the Arizona Rules of Civil Procedure, 16 A.R.S., provides for the inspection and copying of discoverable documents. It does not say that original documents have to be turned over to opposing counsel. While there might be some reason to turn over original documents in some cases, and the court probably has the power to enter such an order, certainly that is not the norm. Nor, given considerations of both convenience and concerns about the safety and integrity of original documents, should it be. We do not foreclose the possibility that upon remand, and upon further development and consideration of the facts and considerations which bear upon the question, the trial court may, acting within its sound discretion, order the plaintiff to turn over the original business records to the defendant. We do not encourage this practice, and we think it incumbent on the party seeking custody of the originals to make a strong showing of need. The most cogent point is, however, that the plaintiff was not required by the rule to turn over the original records and did not violate a court order to do so. No sanction can rest on this foundation.

■ The second reason we believe the trial judge erred is that he imposed the ultimate sanction of dismissal without expressly finding that the plaintiff personally, as opposed to the plaintiff's attorney, obstructed discovery. Dismissal is warranted only when the plaintiff personally shares complicity in the abusive behavior. *Treadaway v. Meador*, 103 Ariz. 83, 436 P.2d 902 (1968); *Robinson v. Higuera*, 157 Ariz. 622, 623, 760 P.2d 622, 623 (App. 1988). The defendant, in argument before the trial judge and in its response filed in this court, suggests that the facts support the conclusion that Nesmith personally impeded the discovery. The judge certainly

made no such finding. Indeed, the judge seems to have settled on the one thing that Nesmith admitted to, a refusal to turn over *original* documents, as a particularly egregious abuse. As we noted above, this is no abuse at all.

■ Third, we can not tell from this record whether the judge thoroughly considered other, less severe, sanctions before resorting to the most extreme. In fact, it appears as if he did not. Dismissal as a sanction is to be exercised with great caution. There are constitutional limitations on the power of the courts to dismiss an action, even in aid of their own valid processes. *Societe Internationale, etc. v. Rogers,* 357 U.S. 197, 209, 78 S.Ct. 1087, 1094, 2 L.Ed.2d 1255, 1264–65 (1958); *AG Rancho Equipment v. Massey–Ferguson, Inc.,* 123 Ariz. 122, 598 P.2d 100 (1979); *Birds Int'l Corp. v. Arizona Maintenance Co.,* 135 Ariz. 545, 662 P.2d 1052 (App. 1983). Our supreme court in *AG Rancho Equipment* quoted with approval from *Edgar v. Slaughter,* 548 F.2d 770, 772 (8th Cir.1977):

> Prior to dismissal or entering a default judgment, fundamental fairness should require a district court to enter an order to show cause and hold a hearing, if deemed necessary, to determine whether assessment of costs and attorney fees or even an attorney's citation for contempt would be a more just and effective sanction.

*AG Rancho Equipment,* 123 Ariz. at 124, 598 P.2d at 102.

From all we can tell from the transcript, no consideration was given to alternative sanctions. As we have already observed, the accusations and defenses were confusing and rested on assertions. Without express findings, and in the face of what we believe to be the trial judge's misapprehension of the law, we are unwilling to indulge the presumption that the ruling is supported by the evidence.

■ The fourth reason we believe the trial judge erred is that there is no clear evidence, and no clear finding, that the plaintiff or his counsel engaged in any conduct that would bring the rules that autho-

rize dismissal into play. Rule 37(b)(2), Arizona Rules of Civil Procedure, 16 A.R.S., permits striking a claim when a "party fails to obey an order to provide or permit discovery." Since no orders as to discovery were ever entered in this case, that rule simply does not come into play. Rule 37(d), Arizona Rules of Civil Procedure, 16 A.R.S., permits a court to make such orders as are just, including striking a claim, for a failure to serve written responses or objections to interrogatories or requests for production. Although the record is very confusing on this point, the only conduct of the plaintiff that could bring this rule into play was a tardy response to discovery requests. The plaintiff insists that it had, with the exception of relinquishing custody of its original records and providing access to certain sensitive files, the relevance of which remains in hot dispute, cured any failure to make discovery before the defendant filed its motion to compel. Assuming that Rule 37(d) can be invoked retroactively, and we doubt that it can, it is not clear on this record that is what the trial judge intended to do.

For the reasons stated above, we vacate the order of the trial court dismissing the plaintiff's claim. We also vacate the order imposing a monetary sanction on plaintiff's counsel because it is impossible to tell whether that sanction rested in part upon conduct of the attorneys which the judge mistakenly believed improper. Upon remand, should the defendant pursue the matter, the court may reconsider the issue of sanctions. We do not condone the way the plaintiff handled discovery in this case. The record, as it now stands, however, is hardly sufficient to support any reasoned conclusion about the defendant's most serious allegations of discovery abuse, and whether the plaintiff himself was guilty of any misconduct. *See Birds Int'l. Corp.,* 135 Ariz. at 547, 662 P.2d at 1054.

We do not wish, by this opinion, to discourage trial judges from employing sanctions to deter discovery abuse. To the contrary, as we interpret Rule 37, fee shifting should be the rule, not the exception,

when the court must intervene to resolve a discovery contest.

· It is ordered accepting jurisdiction and granting the relief requested without prejudice to the trial court's reconsideration of appropriate sanctions.

CLABORNE, P.J., and EHRLICH, J., concur.