993 P.2d 1110

WAYNE COOK ENTERPRISES, INC., an Arizona corporation, Plaintiff–Appellant,

v.

FAIN PROPERTIES LIMITED PARTNERSHIP, an Arizona limited partnership; Roberta Fain, a general partner, and John Doe Fain, wife and husband; Theodore Fain, a general partner, and Sheila Fain, husband and wife; Pamela Hoffman, fka Pamela Pouquette, a general partner, and Jim Hoffman, wife and husband; Grand Canyon Management, Inc., an Arizona corporation; and Kimball Rogers and Jane Doe Rogers, husband and wife, Defendants–Appellees.

No. 1 CA–CV 98–0478.

Court of Appeals of Arizona, Division 1, Department B.

Aug. 2, 1999.

Review Denied Feb. 8, 2000. .

Allen & Price, P.L.C., by Robert E.B. Allen, Charles S. Price, Phoenix, for Plaintiff–Appellant.

Wright & Associates, by Lawrence C. Wright, Lee Allen Johnson, Mesa, for Defendants–Appellees.

## OPINION

TOCI, Judge.

¶ 1 Plaintiff Wayne Cook Enterprises, Inc. ("Cook") appeals from the trial court's dismissal of Cook's action for untimely disclosure. Restated, the issues raised by this appeal, and our resolution of those issues, are as follows:

1. Does Rule 37(d) of the Arizona Rules of Civil Procedure (Supp.1998) authorize dismissal as a sanction when a party is blameless for his attorney's failure to timely disclose an unfavorable document?

**No. Rule 37(d) does not change existing law. Dismissal is warranted only when the trial court expressly finds that the party, as opposed to the party's attorney, bears some blame for the untimely disclosure.**

2. Did the trial court abuse its discretion by dismissing Cook's case when it held no evidentiary hearing, made no express findings, and the only evidence of Cook's or Cook's attorney's misconduct consisted of the untimely disclosure?

**Yes. The trial court erred in imposing the ultimate sanction of dismissal without hearing the evidence and making findings of fact and conclusions of law on all disputed issues, including whether Cook bore any blame for the untimely disclosure.**

Accordingly, we reverse.

## I. FACTUAL AND PROCEDURAL HISTORY

¶ 2 Cook sued Fain Properties Limited Partnership ("Fain")[1] for specific performance of the sale of a leasehold interest in acreage near Grand Canyon National Park. After more than two years of litigation, Cook's counsel, Steptoe & Johnson, withdrew for "professional considerations" one day before the pretrial conference and eight days before the trial. New counsel entered their appearance, and trial was rescheduled. Five weeks prior to trial, Cook's new counsel supplemented disclosure with a single document.[2]

¶ 3 Fain characterized the document as relevant "to the heart of [the] case" and its late disclosure as an "outrageous violation" of Cook's duties under Rule 26.1 of the Arizona Rules of Civil Procedure. Relying on Rule 37(d), Fain moved for dismissal as a sanction against Cook for former counsel's discovery violation.

¶ 4 Cook, conceding that the document was discoverable, asserted that its importance was minimal. Cook argued that dismissal was too harsh a sanction since Cook itself neither possessed the document nor was aware that the document had not been produced. Nevertheless, the trial court dismissed the action, concluding that Cook's former counsel deliberately suppressed the document. Although the trial court explained its decision during oral argument on the motion, it heard no evidence and made no formal findings. Cook filed a timely notice of appeal.

## II. DISCUSSION

### A. Rule 37(d) Does Not Nullify Existing Case Law Prohibiting Dismissal of Innocent Party's Case For Discovery Violations

¶ 5 In reviewing a dismissal for discovery violations, we must uphold the trial court's order unless the record reflects a clear abuse of discretion. *See Lenze v. Synthes, Ltd.,* 160 Ariz. 302, 305, 772 P.2d 1155, 1158 (App.1989). The trial court's discretion in dismissing a case for discovery violations "is more limited than when it employs lesser sanctions." *Id.*

¶ 6 We turn first to the question whether Rule 37(d) changed existing case law that requires the trial court to find a party

---

1. Named defendants also included Roberta Fain, a general partner, and her spouse; Theodore Fain, a general partner, and his spouse; Pamela Hoffman, a general partner, and her spouse; Grand Canyon Management, Inc., an Arizona corporation; and Kimball Rogers and his spouse.

2. This document, dated November 8, 1995, was titled "Conditional Assignment of Proceeds," and its stated purpose was "to provide assurances to Cook" of Cook's financier's "ability to perform."

personally culpable before imposing dismissal as a sanction for discovery abuse. Fain argues that in adopting Rule 37(d), "the Arizona Supreme Court carved out a narrow exception" to existing case law, allowing the trial court to dismiss a case without a finding of fault by the party. We are not persuaded.

¶ 7 Former Arizona Rule of Civil Procedure 26.1(g), adopted in 1992, contained language similar to the language in Rule 37(d). Rule 26.1(g), which was deleted effective December 1, 1996, provided as follows:

> **Failure to Comply.** If a *party or attorney* fails to comply with the provisions of this rule, the court upon motion of a party or on the court's own motion shall make such orders with regard to such conduct as are just, including any of the orders provided in Rule 16(f).

Ariz. R. Civ. P. 26.1(g) (emphasis added). Rule 16(f) incorporates the orders provided in Rule 37(b)(2)(C), one of which is "[a]n order ... dismissing the action."

¶ 8 Rule 37(d) contains the following language:

> **Failure to Disclose Unfavorable Information**
>
> A *party's or attorney's* knowing failure to timely disclose damaging or unfavorable information shall be grounds for imposition of serious sanctions in the court's discretion up to and including dismissal of the claim or defense.

Ariz. R. Civ. P. 37(d) (amended Nov. 22, 1996, effective March 1, 1997) (emphasis added). Thus, even before the adoption of Rule 37(d), former Rule 26.1(g) and Rule 16(f), read together, provided for the ultimate sanction of dismissal if "a party or attorney" failed to comply with the discovery rules. Fain's assertion that it was Rule 37(d) that expanded the reach of the rule from the acts of "a party" to those of a "party or attorney" is simply wrong. It was Rule 26.1(g), adopted in 1992, that first referred to the failure of a "party or attorney" to comply with discovery.

¶ 9 Notwithstanding the reference in Rule 26.1(g) to a "party *or* attorney," in *Montgomery Ward & Co. v. Superior Court,* 176 Ariz. 619, 863 P.2d 911 (App.1993), we concluded

that Rule 26.1(g)'s adoption did not change existing law. We noted that prior to the passage of Rule 26.1, "the trial court could not impose 'the ultimate sanction' of striking a party's pleading 'without expressly finding' that the *party* had obstructed discovery." *Id.* at 622, 863 P.2d at 914 (quoting *Nesmith v. Superior Court,* 164 Ariz. 70, 71, 790 P.2d 768, 769 (App.1990)). We held that

> [a] party's right to due process limits a trial court's authority to strike a ·pleading. *Lenze,* 160 Ariz. at 305, 772 P.2d at 1158; *see also Nesmith,* 164 Ariz. at 72, 790 P.2d at 770 (holding that constitutional limitations require that the sanction of dismissal be imposed "with great caution"). Rule 26.1 does nothing to alter this right. Here, the trial court struck Defendants' Answer without first making adequate inquiry and findings regarding whether the discovery process had been abused, and, if so, the degree of the abuse, *whether the abuse was the fault of Defendants* or of Defendants' lawyers, and whether lesser sanctions would have been appropriate. *See Nesmith,* 164 Ariz. at 71–72, 790 P.2d at 769–70.
>
> The procedural requirements specified in *Nesmith* and its predecessors survive the passage of Rule 26.1. While Rule 26.1(g) mandates that the trial court impose sanctions for discovery abuses, those sanctions must be appropriate, and they must be preceded by due process.

*Id.* (emphasis added).

¶ 10 We conclude that our reasoning in *Montgomery Ward* regarding Rule 26.1(g) is equally applicable to our interpretation of Rule 37(d) in the present case. The reference in Rule 26.1(g) to sanctions for discovery abuse of a "party or attorney" did not nullify well-established case law, and neither does the reference in Rule 37(d) to a "party or attorney" have that effect.

**B. Trial Court Abused its Discretion by Imposing Dismissal as a Discovery Sanction**

¶ 11 In dismissing, the trial court stated that Cook's former attorneys, Steptoe & Johnson, had violated the discovery rules and that their failure to explain the reasons for

nondisclosure gave rise to a "very strong inference that the failure to disclose was deliberate." The trial court's stated explanation for the dismissal was insufficient. *See Montgomery Ward*, 176 Ariz. at 622, 863 P.2d at 914 (reversed and remanded for findings when "explanation" was insufficient). The trial court could not dismiss Cook's case absent a finding that Cook shared the blame for nondisclosure.

¶ 12 The sanction of dismissal is warranted only when the court makes an express finding that a party, as opposed to his counsel, has obstructed discovery, *see Birds International Corp. v. Arizona Maintenance Co.*, 135 Ariz. 545, 547, 662 P.2d 1052, 1054 (App.1983), and that the court has considered and rejected lesser sanctions as a penalty. *See Nesmith*, 164 Ariz. at 71–73, 790 P.2d at 769–71 (encouraging sanctions of fee shifting for discovery disputes). Ordinarily, this requires an evidentiary hearing. *See Robinson v. Higuera*, 157 Ariz. 622, 624, 760 P.2d 622, 624 (public policy favors a hearing so court can determine guilt of party). Here, the trial court held no evidentiary hearing and made no findings on these critical issues. *See Montgomery Ward*, 176 Ariz. at 622, 863 P.2d at 914 (appellate court gives great deference to trial court findings if provided).

¶ 13 The trial court's lack of findings on other disputed issues is worthy of mention here. For example, the parties argue whether the trial court made an improper inference as to the absence of an affidavit from Cook's prior counsel. Because the trial court made no finding regarding this omission, we cannot determine whether the court considered its absence. Furthermore, although Fain was adamant in his argument that the prejudice caused him by nondisclosure was severe and possibly irreparable, the trial court's ruling gives no hint of any prejudice to Fain caused by Cook's failure to disclose. We do not know if the trial court agreed with Fain and considered this prejudice a significant justification for the dismissal. *See Allstate Ins. Co. v. O'Toole*, 182 Ariz. 284, 288, 896 P.2d 254, 258 (1995) (relevant question is harm caused to opponent).

## III. CONCLUSION

¶ 14 We reverse the trial court's judgment dismissing Cook's claim and remand the case to the trial court with directions to conduct an evidentiary hearing. On remand, the trial court should consider the evidence and, at a minimum, make findings and conclusions on the following issues: (1) was the untimely disclosure a result of intentional misconduct on the part of Cook's former attorneys, Steptoe & Johnson, (2) if Steptoe & Johnson intentionally failed to disclose, did Cook know or have reason to know of the nondisclosure, and did Cook acquiesce in it, (3) assuming Cook was personally culpable, was the untimely disclosure prejudicial to Fain, and if so, could the prejudice to Fain be remedied by a lesser sanction than dismissal, and (4) if the intentional failure to disclose was solely the fault of Cook's former attorneys, what sanctions are appropriate against them personally?

¶ 15 Cook has requested attorney's fees on appeal pursuant to *Wagenseller v. Scottsdale Memorial Hospital*, 147 Ariz. 370, 392–94, 710 P.2d 1025, 1047–49 (1985) ("successful party" under Arizona Revised Statutes Annotated section 12–341.01 is not limited to those who have favorable final judgment at conclusion of appeal but may include those who achieve reversal of an unfavorable order central to the case.) In the exercise of our discretion, we award Cook its attorney's fees upon compliance with Rule 21 of the Arizona Rules of Civil Appellate Procedure.

CONCURRING: JAMES B. SULT, Presiding Judge, and SARAH D. GRANT, Judge.