NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

AVANNA ANN RIBITZKI, a single woman,
*Plaintiff/Appellant*,

*v.*

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
*Defendant/Appellee.*

No. 1 CA-CV 15-0509
FILED 12-22-2016

———————————————

Appeal from the Superior Court in Maricopa County
No. CV2013-005242
The Honorable Katherine M. Cooper, Judge

**AFFIRMED**

———————————————

COUNSEL

Avanna Ann Ribitzki, Scottsdale
*Plaintiff/Appellant*

Tyson & Mendes LLP, Phoenix
By Lynn M. Allen, JP Harrington Bisceglia
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Donn Kessler joined.

---

**H O W E**, Judge:

**¶1**      Avanna Ann Ribitzki appeals from the trial court's judgment dismissing her claims against American Family Mutual Insurance Company and denial of a motion for new trial. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**      American Family insured Ribitzki under a homeowner's insurance policy that covered loss for personal property. In the event of loss, the policy required that Ribitzki provide requested records, submit to an examination under oath, and cooperate with all acts reasonably required by the policy.

**¶3**      In November 2010, Ribitzki reported a claim to American Family for loss of personal property due to a theft that occurred at her temporary residence. Over the next several months, American Family requested various documents. Ribitzki provided some documentation, but delayed providing all the requested documents. American Family reminded Ribitzki that the policy conditions required cooperation and advised it could not process her claim without the requested documents. Ribitzki provided additional documentation.

**¶4**      While investigating the insured property's deed, American Family noticed several discrepancies. American Family sent Ribitzki a reservation of rights letter advising that "[a]n initial review of your loss has identified facts which may affect the coverages provided under [the policy]. We are advising you at this time that there is a question whether the coverage under the policy mentioned above will apply to this loss." After further review, American Family sent Ribitzki a letter explaining that "many discrepancies" existed in her claim and that a "thorough investigation is being conducted."

**¶5**      American Family conducted an examination under oath in June 2011. Ribitzki stated that upon abuse of questioning tactics, and the

eliciting of no new information, she ended the examination and walked out. The record and contemporaneous correspondence of American Family, however, indicates that Ribitzki chose not to proceed with the examination after she was informed that her friend, the person who reported the theft, could not attend. Ribitzki stated that she would reschedule the examination under oath.

¶6        For several months, American Family sent letters requesting that Ribitzki reschedule the examination under oath. Even after American Family sent notice to Ribitzki that her claim would be placed on inactive status for failing to comply with the policy conditions, Ribitzki failed to reschedule the examination under oath.

¶7        In December 2013, Ribitzki sued American Family alleging breach of contract and a violation of the covenant of good faith and fair dealing, and sought punitive damages. American Family moved for summary judgment pursuant to Arizona Rule of Civil Procedure 56, to which Ribitzki never responded. The trial court granted American Family's motion and entered judgment dismissing all claims against American Family. Ribitzki moved for a new trial, which the trial court denied. The trial court noted that Ribitzki's failure to respond was one basis to grant summary judgment but that it had also reviewed the entire record and found no genuine issue of material fact. Ribitzki timely appealed.

## DISCUSSION

¶8        Ribitzki argues that the trial court erred by granting American Family's motion for summary judgment. Ribitzki does not, however, challenge the denial of her motion for new trial. We review de novo whether the trial court properly entered summary judgment. *Awsienko v. Cohen*, 227 Ariz. 256, 258 ¶ 7, 257 P.3d 175, 177 (App. 2011). We view the evidence in the light most favorable to Ribitzki, against whom the trial court entered judgment. *Id.*

¶9        Summary judgment is proper when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Ariz. R. Civ. P. 56(e). A nonmoving party who chooses to not respond "does so at his peril because uncontroverted evidence favorable to the movant, and from which only one inference can be drawn, will be presumed to be true." *Choisser v. State ex rel. Herman*, 12 Ariz. App. 259, 261, 469 P.2d 493, 495 (1970).

¶10 Ribitzki argues that the trial court erred by granting summary judgment as a discovery sanction and for lack of a response. Contrary to Ribitzki's argument, the trial court did not grant summary judgment as a discovery sanction. Moreover, although the trial court cited Ribitzki's lack of response as one basis for granting summary judgment, the trial court stated that it had reviewed the record and found no genuine issue of material fact. Appellate courts "determine whether the judgment, not the reasoning, of the trial court was correct." *Picaso v. Tucson Unified Sch. Dist.*, 217 Ariz. 178, 181 ¶ 9, 171 P.3d 1219, 1222 (2007).

¶11 Breach of a cooperation clause is a defense to a claim for breach of contract "if the insurer has been substantially prejudiced thereby." *Clark Equip. Co. v. Ariz. Proper. & Cas. Ins. Guar. Fund*, 189 Ariz. 433, 442, 943 P.2d 793, 802 (App. 1997). Although Ribitzki argues that the evidence on the cooperation issue presented a factual dispute, because she failed to respond to the Rule 56 motion, no factual dispute was before the trial court. Because the policy requires submission to an examination under oath and the undisputed record before the trial court shows Ribitzki's failure to comply therewith thwarted American Family's ability to assess the claim, the trial court properly granted summary judgment to American Family based on Ribitzki's breach of the cooperation clause. *See Warrilow v. Super. Ct.*, 142 Ariz. 250, 255, 689 P.2d 193, 198 (App. 1984) (holding that the insured's refusal to answer questions during the examination under oath constituted a breach of contract and barred recovery on the claim).

¶12 As for Ribitzki's claim for violation of the covenant of good faith and fair dealing, an insurer that "intentionally denies, fails to process or pay a claim without a reasonable basis for such action" breaches the implied duty of good faith it owes to its insured. *Regal Homes, Inc. v. CNA Ins.*, 217 Ariz. 159, 170 ¶ 48, 171 P.3d 610, 621 (App. 2007). The insurer may challenge claims that are "fairly debatable" without acting in bad faith. *Id.*

¶13 The record before us is not clear whether American Family was required to pay on Ribitzki's claim, and no objective evidence shows any unreasonable delay in processing Ribitzki's claim. American Family presented evidence—which, again, Ribitzki failed to refute—that it made reasonable efforts to process the claim, placed the claim on inactive status due to Ribitzki's failure to comply, and advised it would reopen the claim if Ribitzki complied. The record is devoid of any evidence that American Family ever formally denied Ribitzki's claims before Ribitzki filed suit. Ribitzki cannot fail to comply with policy conditions, then complain that American Family breached its contractual duty of good faith and fair dealing and acted in bad faith when American Family could not adequately

assess its liability in the absence of Ribitzki's cooperation. Ribitzki identifies no evidence suggesting that American Family acted unreasonably under these circumstances. In the absence of any evidence of bad faith, the trial court properly granted summary judgment on the bad faith claim. Because Rbitiski's bad faith claim presents no genuine issue of material fact, we need not consider American Family's statute of limitations argument.

**¶14** Relying on *Robinson v. Higuera*, Ribitzki next argues that she was denied due process because an evidentiary hearing was required. *See* 157 Ariz. 622, 760 P.2d 622 (App. 1988). *Robinson*, however, discussed default judgment, not summary judgment. *Id.* at 625, 760 P.2d at 625. Here, no default judgment occurred. Instead, the trial court reviewed the entire record and granted summary judgment on the merits.

**¶15** Finally, because Ribitzki's claims for breach of contract and bad faith fail, the trial court properly dismissed her request for punitive damages. *See Saucedo ex rel. Sinaloa v. Salvation Army*, 200 Ariz. 179, 185–86 ¶ 21, 24 P.3d 1274, 1280–81 (App. 2001) (holding that the claimant could not recover punitive damages in the absence of recovery of actual damages).

**¶16** American Family requests attorneys' fees incurred on appeal pursuant to A.R.S. § 12–341.01. We grant its request and will award reasonable fees upon timely compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

**¶17** For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA