NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

In the Matter of the Estate of:

KENARD C. HANSEN, Deceased.

JEAN M. HANSEN, *Plaintiff/Appellant*,

*v.*

CHILDERS & COVENTRY L.L.C., *Defendant/ Personal Representative/Successor Trustee/Appellee*.

No. 1 CA-CV 18-0129
FILED 4-11-2019

Appeal from the Superior Court in Maricopa County
No.  PB2013-070452
No.  PB2013-070458
(Consolidated)
The Honorable Carolyn K. Passamonte, Commissioner

**AFFIRMED**

COUNSEL

Jean M. Hansen, Bloomfield Hills, MI
*Plaintiff/Appellant*

Al Arpad Esq, Phoenix
By Alexander R. Arpad
*Counsel for Defendant/ Personal Representative/Successor Trustee/Appellee*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jennifer M. Perkins joined.

---

**B R O W N**, Judge:

¶1 Jean M. Hansen ("Jean") appeals the probate court's order (1) discharging Childers & Coventry L.L.C. ("C&C") from its role as trustee and personal representative of her father's trust and estate, and (2) approving payment of fiduciary and attorneys' fees. She also challenges a separate order denying her petition for enforcement of a constructive trust. For the following reasons, we affirm.

**BACKGROUND**

¶2 Kenard C. Hansen died in early 2013, leaving two adult children (Jean and Doug Hansen) as beneficiaries of his trust and estate. In December 2013, the court appointed C&C as successor trustee and personal representative. After several years of litigation, Jean, Doug, Doug's attorney, and C&C executed a Global Settlement Agreement and Mutual Release ("Global Settlement") to resolve their disputes regarding the final disposition and wrap-up of the estate and trust. The probate court entered an order approving the Global Settlement pursuant to Arizona Rule of Civil Procedure 54(c). No party appealed.

¶3 Thereafter, C&C filed a petition asking the probate court, *inter alia*, to (1) release and discharge C&C as trustee and personal representative, (2) order payment of fiduciary and attorneys' fees and costs, and (3) direct Chase Bank to transfer the remaining balance of the trust according to Jean's instructions after the necessary payments were made (the "Final Petition"). Jean responded by filing multiple motions accusing C&C of wrongdoing.

¶4 The probate court denied Jean's motions and ordered C&C to file a statement of attorneys' fees pursuant to Arizona Rule of Probate Procedure ("Rule") 33(B). Jean objected to the statement and separately filed a petition for constructive trust enforcement, asking the court to place the trust's remaining assets in a constructive trust. The petition raised numerous allegations of wrongdoing against C&C, including its intent to

deprive Jean of trust assets and guide the Global Settlement "to self-servingly reward themselves and deprive Jean of her cash and securities."

¶5          The probate court granted the Final Petition, approving $5750.66 in fiduciary fees and $6534.34 in attorneys' fees, but denied Jean's request to establish a constructive trust.  Jean timely appealed.

## DISCUSSION

¶6          Jean argues the probate court erred in granting the Final Petition.  Specifically, she contends C&C "never requested full judicial review of [C&C's] administration" and therefore violated Operative Provision C of the Global Settlement, which states:

> Jean . . . hereby release[s] C&C of all liability and discharge[s] C&C of all accountability related to accounting and administration of the Trust and Estate up to and including full execution of this Agreement. *Administration of the Trust and Estate subsequent to the execution of this Agreement will be reviewed by the court.* C&C will then request release of all liability and discharge of all accountability related to the administration of the Trust and Estate following the date the Parties execute this Agreement.

(Emphasis added.)

¶7          By means of the Final Petition, C&C sought the court's review of its final administrative actions involving the trust and estate.  Although Jean argues the Global Settlement obligated the parties to have the court review the entire administration of the trust before finally releasing C&C, her argument is unfounded.  By entering into the Global Settlement, she released C&C of any purported breach of its duties to that point, and she does not identify any act of "administration" by C&C in the months after the Global Settlement that reasonably could give rise to a challenge.

¶8          Regarding the approval of fees, Jean argues the probate court failed to use the mandatory fee guidelines set forth in Arizona Code of Judicial Administration ("Code") section 3-303 to evaluate C&C's fees.  As examples, Jean points to § 3-303(D)(2)(j) and (D)(2)(k), which respectively state that "[t]ime and expenses for any misfeasance or malfeasance are not compensable" and "[t]ime and expenses to correct or mitigate errors caused by the professional, or their staff, are not billable to the Estate."

**¶9**      We review the probate court's approval of fees for an abuse of discretion, viewing the record in the light most favorable to upholding the court's decision and affirming if it is supported by any reasonable basis. *In re Indenture of Trust Dated Jan. 13, 1964*, 235 Ariz. 40, 51, ¶ 41 (App. 2014). A trustee is entitled to reimbursement from the trust for its reasonable fees, including attorneys' fees, that "arise out of and that relate to the good faith defense or prosecution of a judicial . . . proceeding involving the administration of the trust." Ariz. Rev. Stat. ("A.R.S.") § 14-11004(A). Similarly, a personal representative is entitled to fees for defending or prosecuting a proceeding "in good faith." A.R.S. § 14-3720.

**¶10**      Rule 33, which governs compensation for fiduciaries and attorneys in probate proceedings, requires the probate court to follow the fee guidelines for professional services set forth in the Code. Ariz. R. Prob. P. 33(F); Ariz. Code of Jud. Admin. § 3-303(C). The Code instructs the court to "[w]eigh the totality of the circumstances in each case" and determine reasonable compensation on a "case-by-case basis." Ariz. Code of Jud. Admin. § 3-303(D)(1)(b).

**¶11**      We have reviewed C&C's billing statements and those of its attorneys; we find no evidence of misfeasance, malfeasance, or error. The statements reflect that the professionals acted in good faith and provide a reasonable basis for the probate court's approval of fees.

**¶12**      Jean also argues the probate court should have held an evidentiary hearing before granting the Final Petition. The court declined Jean's request for a hearing and instead ordered the parties to file a written Rule 33 application, objection, and response to any objection. We review the court's decision on whether to hold a hearing for an abuse of discretion. *See Estate of Gullett v. Kindred Nursing Ctrs. W., L.L.C.*, 241 Ariz. 532, 540, ¶ 26 (App. 2017).

**¶13**      In arguing that a hearing is required, Jean relies on *Birds International Corp. v. Arizona Maintenance Co., Inc.*, 135 Ariz. 545 (App. 1983), which held that the superior court abused its discretion by dismissing a complaint without a hearing based on an attorney's failure to comply with a discovery order. 135 Ariz. at 547–48. Jean also relies on *Robinson v. Higuera*, 157 Ariz. 622 (App. 1988), which held that a party should not suffer default due to an attorney's conduct without a hearing. 157 Ariz. at 625. This case does not involve dismissal or default based on an attorney's misconduct. Rather, it involves the discharge of a fiduciary and payment of its fees. When a petition for compensation or fees is contested, Rule 33

does not require a hearing; rather, it requires an objecting party "set forth all specific objections in writing." Ariz. R. Prob. P. 33(D).

**¶14**     Finding no abuse of discretion, we affirm the probate court's order granting the Final Petition.

**¶15**     Finally, Jean argues the probate court erred in denying her constructive trust petition. As the court explained, her petition raised issues already addressed by the court-approved Global Settlement, which was a final order she did not appeal. *See* A.R.S. § 12-2101(A)(9) (authorizing appeals from "a judgment, decree or order entered in any formal proceedings under title 14"); *see also In re Estate of McGathy*, 226 Ariz. 277, 280, ¶ 17 (2010) (holding that a party may appeal the final disposition of each formal proceeding in an unsupervised probate administration). We agree and conclude the petition amounts to a collateral attack of the order approving the Global Settlement Agreement, which we do not have jurisdiction to review. Accordingly, we affirm the probate court's denial of Jean's petition seeking a constructive trust.

## CONCLUSION

**¶16**     For the reasons stated, we affirm the decisions of the probate court. C&C requests reasonable attorneys' fees on appeal pursuant to A.R.S. § 14-11004 or § 14-1105(A). We grant its request pursuant to § 14-11004, and we award taxable costs to C&C upon compliance with Arizona Rule of Civil Appellate Procedure 21. We further direct that all fees and costs be paid solely by Jean. *See* A.R.S. § 14-11004(B) (authorizing a court to order that fees be paid by any party *or* the trust) (emphasis added).



AMY M. WOOD • Clerk of the Court
FILED:  AA

5