NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

YUKIKO TAKAMIYA, *Plaintiff/Appellant,*

*v.*

BRIAN LOISELLE, et al., *Defendants/Appellees.*

No. 1 CA-CV 19-0400
FILED 6-23-2020

Appeal from the Superior Court in Maricopa County
No. CV2015-013583
The Honorable Christopher T. Whitten, Judge

**VACATED AND REMANDED**

COUNSEL

Ivan & Associates, P.C., Glendale
By Florin V. Ivan, Justin M. Clark
*Counsel for Plaintiff/Appellant*

---

## MEMORANDUM DECISION

Judge Maria Elena Cruz[1] delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge D. Steven Williams joined.

---

**C R U Z**, Judge:

¶1 Yukiko Takamiya appeals the superior court's orders dismissing her complaint and denying her motion for summary judgment. For the following reasons, we vacate the order dismissing her complaint and remand for an evidentiary hearing to assess the appropriate disposition of Appellees' motion.

## FACTUAL AND PROCEDURAL HISTORY

¶2 Takamiya is a Japanese citizen, living in Canada. In December 2015, she filed a complaint asserting breach of contract, breach of fiduciary duty, fraud, unjust enrichment, violation of the Consumer Fraud Act, and negligent misrepresentation against Appellees. Takamiya alleged she had paid Appellees $135,000 in earnest money toward the development of a real estate portfolio she intended to manage, which would allow her to remain in the United States on an E-2 visa.[2] But, according to Takamiya, Appellees failed to close on the real estate purchase and then refused to refund her earnest money. Appellees denied the allegations.[3]

---

[1] Judge Maria Elena Cruz replaces the Honorable Kenton D. Jones, who was originally assigned to this panel. Judge Maria Elena Cruz has read the brief and reviewed the record.

[2] A person may qualify as a treaty investor if she is from a qualifying country, invests "a substantial amount of capital in a bona fide enterprise in the United States," seeks entry "solely to develop and direct the investment enterprise," and intends to depart immediately upon expiration of her E-2 status. *See* 8 C.F.R. 214.2(e)(2).

[3] Appellees also filed a counterclaim for breach of contract and negligent and fraudulent misrepresentation, which was later dismissed and is not at issue in this appeal.

¶3          In July 2017, Takamiya moved for summary judgment on her claims, arguing the circumstances were such that she was entitled to a refund of her earnest money as a matter of law.  The superior court determined factual issues precluded summary judgment, denied the motion, and set the matter for trial.

¶4          At the May 2018 pretrial management conference, the parties reached a settlement agreement ("the Agreement"), which the superior court described upon the record as requiring the parties to complete a real estate transaction under certain conditions and within a certain timeframe. As relevant here, the Agreement required Takamiya to make good-faith efforts to obtain third-party financing for the purchase within ninety days, whereby the period could be extended upon agreement of the parties or by order of the court, if Takamiya reimbursed Appellees $2,600 per month in carrying costs.  When Takamiya asked what would happen if she could not obtain financing within the specified time period, the court advised that "the settlement agreement falls apart."

¶5          In December 2018, Appellees moved to dismiss Takamiya's complaint as a consequence for her failure to pay the carrying costs, in accordance with the Agreement, during the months she was unable to obtain financing.  Takamiya opposed the motion, arguing the terms of the Agreement were not entirely clear, but she had performed her "only obligation under the Settlement Agreement: to make a good faith effort at obtaining financing," while Appellees had breached several of its terms. Takamiya also presented argument and documentation illustrating she had ultimately been unable to obtain financing because Appellees refused to provide necessary documentation and, under these circumstances, pursuing further extension would have caused her to incur costs but been futile toward completion of the real estate transaction required by the Agreement.

¶6          The superior court denied Takamiya's request for an evidentiary hearing and, after oral argument, dismissed the complaint. Takamiya timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes sections 12-120.21(A)(1)[4] and -2101(A)(1).

---

[4]          Absent material changes from the relevant date, we cite the current version of rules and statutes.

**DISCUSSION**

I.    Dismissal

¶7        Takamiya argues the superior court erred in dismissing her complaint, either as a sanction or as a consequence for her alleged breach of the Agreement, without holding an evidentiary hearing.[5]  We agree.

¶8        To the extent the superior court summarily disposed of Appellees' complaint for breach of the Agreement, it erred.   The circumstances here present material questions of fact regarding whether the Agreement required Takamiya to seek an extension and the timeframe in which to do so.   Moreover, Appellees' request to dismiss Takamiya's complaint as a consequence for breach of the Agreement is not supported by its terms.   Finally, to the extent Appellees sought to dismiss the complaint as an equitable remedy, the court was required to evaluate the extent to which Takamiya's alleged failure to comply with the Agreement resulted from Appellees' alleged misconduct.  *See Ariz. Coffee Shops v. Phx. Downtown Parking Ass'n*, 95 Ariz. 98, 100 (1963) ("One who seeks equity must do equity.").   Under these circumstances, the superior court was required to hold an evidentiary hearing.  *See Coburn v. Rhodig*, 243 Ariz. 24, 27-28, ¶¶ 14, 17 (App. 2017) (remanding for an evidentiary hearing to consider whether a party proved its equitable defenses); *Brake Masters Sys., Inc. v. Gabbay*, 206 Ariz. 360, 365, ¶ 13 (App. 2005) (collecting cases holding that summary enforcement of a settlement agreement is improper where factual disputes exist regarding the terms of the agreement).

¶9        To the extent the superior court dismissed Takamiya's complaint as a sanction for her failure to comply with the Agreement, it likewise erred.  Although we generally review an order imposing a sanction for an abuse of discretion, "the trial court's discretion [to dismiss a complaint] is more limited than when it employs lesser sanctions." *Seidman v. Seidman*, 222 Ariz. 408, 411, ¶ 18 (App. 2009) (quoting *Lenze v. Synthes, Ltd.*, 160 Ariz. 302, 305 (App. 1989)).  Indeed, "[t]he extreme sanction of dismissal requires an evidentiary hearing and 'is warranted only when the court makes an express finding . . . that the court has considered and rejected lesser sanctions as a penalty.'" *Rivers v. Solley*, 217 Ariz. 528, 531, ¶ 13 (App. 2008) (quoting *Wayne Cook Enters, Inc. v. Fain Props. Ltd. P'ship*,

---

[5]        None of the Appellees filed an answering brief.  Although we could regard this failure as a confession of error, *see* ARCAP 15(a)(2); *Thompson v. Thompson*, 217 Ariz. 524, 526, ¶ 6 n.1 (App. 2008), in our discretion, we decline to do so, *see Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994).

196 Ariz. 146, 149, ¶ 12 (App. 1999)). And, sanctions should not be imposed at all when "that failure to comply has been due to inability and not to willfulness, bad faith or fault of the non-complying party." *AG Rancho Equip. Co. v. Massey-Ferguson, Inc.*, 123 Ariz. 122, 123 (1979). The court here neither held an evidentiary hearing, nor made the required findings that the failure to comply was willful and that the court had considered and rejected lesser sanctions. Thus, the court erred in ordering dismissal as a sanction.

## II.    Summary Judgment

**¶10**        Takamiya also challenges the superior court's order denying her motion for summary judgment. Orders denying summary judgment are generally not reviewed on appeal, even after final judgment, unless they present a pure legal question or extraordinary circumstances. *See Strojnik v. Gen. Ins. Co. of Am.*, 201 Ariz. 430, 433, ¶ 11 (App. 2001); *State v. Jackson*, 210 Ariz. 466, 468, ¶ 10 (App. 2005) (citing *Safeway Stores, Inc. v. Superior Court*, 19 Ariz. App. 210, 212 (1973)). Neither circumstance applies here. *See supra* ¶ 3. Accordingly, we decline to review the denial of Takamiya's motion for summary judgment.

## CONCLUSION

**¶11**        The order dismissing Takamiya's complaint is vacated, and the case is remanded for an evidentiary hearing to determine the appropriate disposition of the motion to dismiss.

