875 P.2d 845

**ALLSTATE INSURANCE COMPANY, a foreign corporation, Jeff Swanty and Jane Doe Swanty, husband and wife, James Durham and Jane Doe Durham, husband and wife, Does I–X and Black and White Corporations 1–10, Petitioners,**

v.

**SUPERIOR COURT of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Thomas W. O'Toole, a Judge thereof, Respondent Judge,**

**Daniel KORMAN and Doreen Korman, husband and wife, Real Parties in Interest.**

No. 1 CA–SA 93–0319.

Court of Appeals of Arizona, Division 1, Department E.

March 8, 1994.

Review Granted July 6, 1994.

---

Steptoe & Johnson by Floyd P. Bienstock, Lisa M. Bickel, Phoenix, for petitioners.

Solomon, Relihan & Blake, P.C. by H. Micheal Wright, Phoenix, for real parties in interest.

OPINION

NOYES, Judge.

The focus of this special action is the mandatory sanction of Rule 26.1(c), Arizona Rules of Civil Procedure. The trial court found that Plaintiffs/Real Parties in Interest ("the Kormans") had not shown good cause for their untimely filing of the initial disclosure statement required by Rule 26.1(b). Defendants ("Petitioners") moved for sanctions, including the sanction mandated by Rule 26.1(c), exclusion at trial of all evidence not timely disclosed.[1] The trial court refused to impose the sanction mandated by Rule 26.1(c), but it did impose a substantial sanction pursuant to its discretionary authority under Rule 26.1(g).[2] Petitioners filed this special action.

The Kormans cross-petitioned, seeking relief from the severity of the sanctions imposed. The cross-petition violates the following Order issued by this court on December 9, 1993:

*NOTICE TO RESPONDENTS:* In order to avoid scheduling conflicts that might arise because of the time limitations contained in this order, Division One of the Court of Appeals will not entertain cross-petitions in this special action. In the event respondents seek affirmative relief from the order that is the subject matter of the petition for special action, respondents are directed to file a separate special action and seek consolidation with this pending matter.

---

1. Rule 26.1(c) provides:

(c) **Exclusions of Undisclosed Evidence.** In addition to any other sanction the court may impose, the court shall exclude at trial any evidence offered by a party that was not timely disclosed as required by this rule, except by leave of court for good cause shown....

2. Rule 26.1(g) provides:

(g) **Failure to Comply.** If a party or attorney fails to comply with the provisions of this rule, the court upon motion of a party or on the court's own motion shall make such orders with regard to such conduct as are just, including any of the orders provided in Rule 16(f).

Accordingly, we have granted Petitioners' Motion to Strike Improper Cross–Petition for Special Action.

■ We accept jurisdiction of the Petition for Special Action because Petitioners have no equally plain, speedy, and adequate remedy by appeal, *see* Ariz.R.P. Special Actions 1(a), and because the question presented "is purely an issue of law which can be decided without additional proceedings," *Aetna Casualty & Sur. Co. v. Superior Ct.*, 161 Ariz. 437, 440, 778 P.2d 1333, 1336 (App.1989). Given the dramatic effect of Rule 26.1 on pre-trial discovery practice, and the harshness of the mandatory sanction of Rule 26.1(c), we consider the issue presented to be of statewide importance, even though the same basic issue was presented, and in our opinion correctly decided, in *Jones v. Buchanan*, 177 Ariz. 410, 868 P.2d 993 (App.1993).

Because we conclude that the trial court "failed ... to perform a duty required by law as to which [it] has no discretion," Ariz.R.P. Special Actions 3(a), we grant relief.

## I.

In September 1992, the Kormans filed suit against Petitioners seeking damages for the allegedly wrongful termination of Mr. Korman's employment as an Allstate insurance agent. Petitioners filed their Answer on October 14, 1992, which meant that the parties were required to exchange initial disclosure statements within forty (40) days thereafter. *See* Ariz.R.Civ.P. 26.1(b). As permitted by the rule, the parties entered into a stipulation to extend the disclosure statement deadline to December 23, 1992.

On December 30, 1992, the parties entered into a second stipulation, this one addressing several discovery and procedural issues as well as the withdrawal of the Kormans' attorneys. The stipulation, which was signed by counsel and by each of the Kormans personally, provided in part: "The parties agree that the current deadline for filing the Disclosure Statements (December 23, 1992) required pursuant to Rule 26.1, Arizona Rules of Civil Procedure, shall be extended to February 22, 1993 unless further postponed by stipulation between the parties." The stipulation also stated that the action would proceed "without any limitation on February 9, 1993," regardless of whether the Kormans were by then represented by new counsel. On January 8, 1993, the Stipulation was approved by the trial court and entered as an order of the court. There were no further efforts to extend the disclosure deadline.

Petitioners served their disclosure statement on February 22, 1993, as required by the stipulation. The Kormans did not reciprocate. About four months later, on June 14, 1993, Petitioners filed a Motion for Sanctions Pursuant to Rules 26 and 26.1 Ariz.R.Civ.P. and requested that the trial court dismiss the Complaint or, in the alternative, preclude the Kormans from offering any untimely-disclosed evidence at trial. On June 29, the Kormans, through new counsel, filed a response to the Motion for Sanctions and they also filed an eighteen-page Rule 26.1 disclosure statement that disclosed over eighty witnesses and numerous categories of exhibits. (The disclosure statement was vague in several particulars not here relevant, and the trial court later characterized it as "inadequate.")

Following oral argument on the Motion for Sanctions, the trial court issued findings and a sanction order in a minute entry dated September 21, 1993:

The Court is unable to find any good cause for the plaintiff's failure to file their disclosure statement by February 22, 1993, as the plaintiffs had expressly agreed when they signed the Stipulation on December 24, 1992, and which was filed on December 30, 1992. In addition, the January 8, 1993 minute order of Judge Sticht relieving plaintiff's counsel from further representation of the plaintiff does not in any way support the plaintiff's claim in his affidavit that he was "under the impression that the case would be held in abeyance until I found substitute counsel, although I knew I would be responsible for responding to a request for production even if I was unable to obtain substitute counsel."

Although plaintiff filed his Response to Defendant's Request for Production of Documents by the January 22, 1993 deadline, as he agreed to by the stipulation of

December 25, 1992, he took no further action in the case and did not file his inadequate disclosure statement until June 29, 1993, after he had received the defendant's Motion for Sanctions that had been filed June 14, 1993.

The Court finds that this conduct constitutes an intentional failure to comply with the stipulation, which was made pursuant to Rule 26.1(b) and that it has improperly delayed and protracted this proceeding. This constitutes a clear violation of Rule 26.1(g). The above sanction is appropriate under the circumstances and is entered pursuant to Rule 26.1(g), Rule 16(f) and Rule 37(b)(2)(D).

The "above sanction" referred to in the last sentence of the minute entry was a detailed order from an earlier section of the minute entry directing that: (1) the Kormans were to pay Petitioners' reasonable attorneys' fees and costs related to the Motion for Sanctions (later determined to be $1,400.00); (2) the Kormans were precluded from conducting any further discovery; and (3) Petitioners were allowed four additional months to complete their discovery. The minute entry did not mention Rule 26.1(c).

Petitioners promptly filed a motion for reconsideration that stressed the mandatory language of Rule 26.1(c) and cited the then-recent decision in *Jones v. Buchanan*, 868 P.2d 993. Petitioners also submitted a proposed form of order that included the following Rule 26.1(c) exclusion order in addition to the court's Rule 26.1(g) sanction order:

6. At trial, plaintiffs shall not be entitled to introduce any exhibits listed on their untimely filed Disclosure Statement dated June 29, 1993 unless they were produced to defendants on January 22, 1993 in connection with Plaintiffs' Response to Defendants' Request for Production of Documents; and

7. At trial, plaintiffs shall not be entitled to call any of the witnesses listed on plaintiffs' Disclosure Statement, except that the plaintiffs themselves may testify at trial and the plaintiffs may cross examine any witnesses called by defendants at trial.

In a minute entry dated November 10, 1993, the trial court rejected Petitioners' request for a Rule 26.1(c) exclusion order:

IT IS FURTHER ORDERED denying defendant's request to expand the September 21, 1993 order to preclude the plaintiffs from introducing any exhibits or calling any witnesses listed on the plaintiff's June 29, 1993 disclosure statement. The Court did not intend to impose this sanction (items 6 and 7 in the defendant's proposed Order), when it entered its September 21, 1993 order and will not do so now. The plaintiff may offer testimony and evidence from the witnesses and exhibits listed in his June 29, 1993 Disclosure Statement, but is precluded from utilizing any new witnesses, exhibits or claims that were disclosed subsequent to and were not listed in the June 29, 1993 disclosure statement.

On November 23, 1993, the court entered a formal written order consistent with the September 21 and November 10 minute entries. Petitioners seek special action relief from that order.

## II.

In *Jones v. Buchanan*, 177 Ariz. 410, 868 P.2d 993, Division Two of this Court examined the language of Rule 26.1(c) and the policy underlying the rule and held that preclusion of untimely disclosed evidence is "mandatory absent a showing of good cause." *Id.* at 413, 868 P.2d at 996. We agree with *Jones*, and we hold that once the trial court made the findings and conclusions it articulated in the September 23 minute entry, it had no choice but to exclude the untimely disclosed evidence. *See Id.* at 413, 868 P.2d at 996.

The Kormans rely on *Montgomery Ward & Co., Inc. v. Superior Ct.*, 176 Ariz. 619, 863 P.2d 911 (App.1993), for the proposition that the trial court has broad discretion to impose sanctions it deems just under the circumstances. This is a correct proposition regarding the discretionary sanctions of Rule 26.1(g), but it is not correct regarding the mandatory sanctions of Rule 26.1(c). The Kormans argue that there is an apparent

inconsistency between subsections (c) and (g) of the Rule. We agree that there is an inconsistency between the subsections, one that is intentional.[3]

Subsection (g) mandates that the court make such orders "as are just." In this subsection, the rule-makers entrust to the trial court the discretion to do justice in the circumstances of the individual case, which is exactly what the trial court did in this case. In subsection (c), however, the rule-makers have decided for the trial court that justice requires the exclusion of all untimely disclosed evidence in all cases, except by leave of court for good cause shown, and this includes those cases in which the trial court perceives that sanction to be unjustly harsh. As experience with Arizona's criminal code has shown, when lawmakers mandate that justice requires a certain harsh penalty in all cases, without regard to the circumstances of the individual case, there inevitably will be some cases in which the mandatory penalty is unjustly harsh. *See, e.g., State v. Cocio*, 147 Ariz. 277, 291, 709 P.2d 1336, 1350 (1985) (Feldman, J., dissenting) ("The facts of this case illustrate clearly that in a predictable number of cases mandatory sentencing covering a broad range of crimes is simply a form of mandatory injustice."). The trial court concluded that the sanction mandated by Rule 26.1(c) was unjustly harsh in this case. We reverse that conclusion only because Rule 26.1(c) leaves the trial court with no discretion to consider that issue.

▪ The Arizona Supreme Court has approved and enacted Rule 26.1(c), and the court of appeals and the superior court must apply the rule as written. The trial court here gave careful consideration to the reasons given by the Kormans for the untimely disclosure, and the court articulated findings in support of its conclusion that the Kormans' conduct was intentional, inexcusable, and without good cause shown. Having

made those findings and conclusions in the proper exercise of its discretion, the trial court was then required by Rule 26.1(c) to order the exclusion of all evidence that was untimely disclosed, in addition to any other sanction imposed.

### III.

The trial court's Order dated November 23, 1993, is vacated in its entirety. The matter is remanded with directions that the trial court enter the exclusion order mandated by Rule 26.1(c), in addition to any other orders found by the trial court to be just, in the exercise of discretion pursuant to Rule 26.1(g).

JACOBSON, P.J., concurs.

FIDEL, Judge, specially concurring:

I concur fully in the court's opinion. I write to add these thoughts: In its accompanying comment to Rule 26.1, our supreme court noted the importance of sanctions to the operation of the rule. The court stated its intent "that the trial courts deal in a strong and forthright fashion with discovery abuse and discovery abusers." Ariz.R.Civ.P. 26.1 ct. cmt.

Typically, however, our rules provide judges a range of discretion to select the proper sanction for dilatory or abusive conduct. *See, e.g.,* Ariz.R.Civ.P. 16(f), 26(f), 26.1(g), and 37. Similarly, our case law, recognizing that general rules of prohibition require adjustment to meet the circumstances of particular cases, emphasizes that judges must use their available discretion to tailor the right sanction case by case. *See, e.g., Montgomery Ward & Co., Inc. v. Superior Ct.,* 176 Ariz. 619, ——, 863 P.2d 911, 914 (App.1993); *Nesmith v. Superior Ct.,* 164 Ariz. 70, 71, 790 P.2d 768, 769 (App.1990); *Robinson v. Higuera,* 157 Ariz. 622, 760 P.2d 622 (App.1988).

---

**3.** There is a due process issue regarding subsection (c) of Rule 26.1 that we are not called upon to decide in this case. A trial court cannot impose "the ultimate sanction" of striking a party's pleading pursuant to Rule 26.1(g) without expressly finding that the party, not just the party's lawyer, had obstructed discovery. *See Montgomery Ward,* 176 Ariz. at ——, 863 P.2d at

914. No decision has addressed whether that same finding must be made before the trial court can impose a subsection (c) sanction that will be tantamount to striking a party's pleading. The issue is mooted in this case by the trial court's finding that the untimely disclosure was the unexcused fault of plaintiff himself.

The trial judge in this case imposed what our lead opinion accurately describes as a "substantial sanction." He barred further discovery by plaintiffs, precluded their use or disclosure of additional witnesses and exhibits, and ordered them to pay all of the attorneys' fees and costs that defendants had incurred because of plaintiffs' delay. The trial judge then made clear, in denying defendants' motion to impose a more extensive sanction upon reconsideration, that he thought this measured response sufficed to bring justice to the particular mix of violation and prejudice he confronted in this case.

Subsection 26.1(c), however, mandates the inflexible sanction of exclusion, whatever the circumstances, whenever the trial court finds untimely disclosure without good cause. Like my colleagues, I read the rule as rigid on this point. I add that such rigidity leaves trial judges too little elbow room to do justice. Although trial judges may well choose, in cases such as this, to impose the sanction presently mandated by subsection (c), trial judges should be trusted to recognize case by case whether a greater or lesser sanction better fits the case at hand.

The judges of Maricopa County, tellingly, have attempted to stretch their discretion under subsection 26.1(c) by expansively defining their inquiry into good cause. In published *Guidelines for Rule 26.1*, they have commented:

> "Good cause" refers to reasons why the disclosure was not fully and timely made. In determining whether good cause has been shown, the court will weigh the willfulness of the non-disclosure and the prejudice to the opposing party.

16 Ariz.Rev.Stat.Ann., *Guidelines for Rule 26.1* (Supp.1993).

Ordinarily, it is *after* finding no good cause that a trial judge considers willfulness and prejudice in deciding the degree of sanction. Departures from good cause can range from minor carelessness to deliberate manipulation; prejudice may be substantial, or there may be none at all. The effort by the Maricopa County judges to import what are normally disciplinary considerations into the good cause inquiry reflects some chafing at the constrictions of the rule.

The supreme court has indicated its intent to reconsider Rule 26.1 after a period of use to decide what refinements should be made to improve its function. One of those refinements, in my view, should be to restore the trial court's discretion, in cases of late disclosure, to make the punishment fit the crime.