896 P.2d 254

**ALLSTATE INSURANCE COMPANY, a foreign corporation; Jeff Swanty and Jane Doe Swanty, husband and wife; James Durham and Jane Doe Durham, husband and wife; Does I–X and Black and White Corporations I–X, Petitioners,**

v.

**Hon. Thomas W. O'TOOLE, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent,**

and

**Daniel KORMAN and Doreen Korman, husband and wife, Real Parties in Interest.**

No. CV–94–0178–PR.

Supreme Court of Arizona.

June 14, 1995.

Steptoe & Johnson by Floyd P. Bienstock, Lisa M. Bickel, and Kevin M. Judiscak, Phoenix, for petitioners.

Solomon, Relihan & Blake, P.C. by H. Micheal Wright and Kevin J. McAlonan, Phoenix, for real parties in interest.

Brian K. Stanley, Phoenix, for amicus Rosie M. Aguirre.

## OPINION

ZLAKET, Justice.

The issue here is whether, under Rule 26.1(c) of the Arizona Rules of Civil Procedure, a trial court must automatically exclude witnesses and exhibits where no good cause for their late disclosure has been shown. In September 1992, respondents Daniel and Doreen Korman filed a complaint against his employer, Allstate Insurance Company, for wrongful termination and breach of contract. The Kormans' original attorneys withdrew from the case in late December without having answered Allstate's request for production of documents. The parties, however, stipulated to an extension of time so that the Kormans could find new counsel. The stipulation provided that the case was to proceed "without limitation" after February 9, 1993, whether or not they were represented by that date. The Kormans signed this docu-

ment, which was entered as a court order on January 8, 1993.

According to the stipulation, the parties were to exchange Rule 26.1 disclosure statements on or before February 22, 1993.[1] Allstate served its disclosure statement on that date; the Kormans did not. In early April, Allstate's attorneys wrote to the Kormans requesting the transcript of a certain taped conversation. The letter did not mention that the company had not yet received their disclosure statement.

On June 14, 1993, Allstate filed a motion for sanctions against the Kormans, arising out of their failure to provide a disclosure statement.[2] On June 29, the Kormans' newly obtained attorneys responded and simultaneously filed a late disclosure statement. They claimed that their clients had unintentionally failed to file on time, believing that everything except the response to Allstate's production request was "on hold" until replacement counsel could be obtained. The trial court rejected this explanation, specifically finding that the Kormans not only were without good cause in failing to file a timely disclosure statement, but also acted intentionally. Nevertheless, the court did not exclude the evidence disclosed in the June 29 statement, as requested by Allstate. It instead precluded the Kormans from conducting any further discovery. It also granted Allstate leave to continue discovery for four months and required the Kormans to pay the company's attorneys' fees and costs incurred in connection with the motion. The court's

minute entry order cited Rule 26.1(g), which authorizes the imposition of discretionary sanctions.[3]

Allstate requested the trial court to "clarify" in its order that the Kormans could not present at trial any witnesses or exhibits listed in their late disclosure statement. The company argued that Rule 26.1(c) mandated exclusion once the court found no good cause for the failure to timely disclose. The judge refused to impose such a penalty. His final order, dated November 23, 1993, recited those sanctions previously mentioned. Additionally, it precluded the Kormans from using any witnesses or exhibits *not* listed in the June 29 disclosure statement, including "but not limited to" those later revealed by them in October and November of 1993. The court did not indicate whether the latter sanction applied to evidence that could not have been disclosed in the June 29 statement because of its subsequent discovery, but both parties have assumed here that it did.

Allstate challenged the ruling in a special action petition to the court of appeals,[4] which accepted jurisdiction and held that Rule 26.1(c) of the Arizona Rules of Civil Procedure compels the exclusion of evidence unless a party seeking relief shows "good cause" for the failure to timely disclose it. *Allstate Ins. Co. v. Superior Ct.*, 178 Ariz. 612, 615–16, 875 P.2d 845, 848–49 (Ct.App.1994).[5] The language relied on reads as follows:

> In addition to any other sanction the court may impose, the court *shall exclude*

1. The order also set a deadline of January 22, 1993 for the Kormans to respond to the outstanding request for production, with which they timely complied.

2. Allstate's motion also cited the Kormans' failure to produce the requested transcript of the taped conversation. The Kormans claimed they had reason to believe that Allstate already had this transcript from discovery in another lawsuit and did not realize that they had to produce it. This matter is apparently not at issue here.

3. Rule 26.1(g) provides that "[i]f a party or attorney fails to comply with [the rules], the court ... shall make such orders with regard to such conduct as are just."

4. The Kormans cross-petitioned the court of appeals to overturn the sanctions imposed on them and to reverse the trial court's refusal to penalize

Allstate for its allegedly inadequate discovery responses. The court ordered the filing of a separate petition. The Kormans did so, but their petition was thereafter transferred to this court and consolidated with Allstate's special action. Because of significant factual and legal differences between the two matters, however, we have separated them once again and transferred that portion of the Kormans' special action not mooted by this opinion back to the court of appeals.

5. Contrary to respondents' contention, the court of appeals did not review the trial court's findings that the Kormans intentionally failed to timely disclose the evidence and that no good cause for that failure existed.

at trial any evidence offered by a party that was not timely disclosed as required by this rule, *except by leave of court for good cause shown* . . . .

Ariz.R.Civ.P. 26.1(c) (emphasis added). Thus, the appellate court concluded, "once the trial court made the findings and conclusions it articulated in the September 23 minute entry, it had no choice but to exclude the untimely disclosed evidence." *Allstate,* 178 Ariz. at 615, 875 P.2d at 848. The court vacated the trial judge's order and remanded with instructions to exclude the evidence disclosed in the June 29 statement and to impose whatever additional sanctions might be appropriate under Rule 26.1(g).

## DISCUSSION

The mandatory exclusion of evidence in cases where no "good cause" has been shown for the failure to timely disclose can at times bring about results that are unduly harsh, overly punitive, and inconsistent with the purposes of the new rules. For example, a party whose disclosure statement is slightly late for no reason other than inadvertence might lose the opportunity to have his or her case decided on the merits, even though a trial date is many months away and there can be no conceivable prejudice suffered by the opponent. We never intended such a result. In adopting the amendments to the rules, it was not our desire that substantive legal rights should automatically be forfeited on the basis of harmless human failings.

[1] We believe the interpretation and application of Rule 26.1(c) should be accorded a "common sense" approach similar to that recently espoused in *Bryan v. Riddel,* 178 Ariz. 472, 477, 875 P.2d 131, 136 (1994). Although it is true that "[t]he purpose of the mandatory exclusionary sanction is to put 'teeth' into the disclosure requirements of Rule 26.1(a)," *id.* at 476, 875 P.2d at 135, and to deter parties from practicing "litigation by ambush," it was not meant to be a weapon of destruction in the hands of "win at all costs" litigators. *See* Ariz.R.Civ.P. 26.1 ct. cmt. While we agree with the court of appeals that there is a clear and deliberate distinction between Rules 26.1(c) and (g), *see Allstate,*

178 Ariz. at 615–16, 875 P.2d at 848–49, we cannot subscribe to the view that the former subsection was meant to deprive judges of all discretion to do what may be right and just in particular circumstances. We have encouraged trial courts to take firm, active roles in the application and enforcement of these procedural rules that were specifically designed to curb discovery abuse, excessive cost, and delay. We have pledged to support them if they do. We will not tie their hands by relegating to them the performance of purely ministerial and frequently counterproductive acts.

In our view, "good cause" as used in Rule 26.1(c) should be broadly interpreted to require an examination of the grounds for granting relief, rather than limiting the inquiry only to the specific reasons why evidence was not timely disclosed. Whenever possible, procedural rules should be interpreted to maximize the likelihood of a decision on the merits. *See, e.g.,* Ariz.R.Civ.P. 1 (requiring construction of rules to secure "just" determinations). The disclosure rules and sanctions were not meant to thwart that goal by encouraging litigants to lie in wait for their opponents to miss a deadline and then use that momentary transgression to get a case effectively dismissed. *See Gorman v. City of Phoenix,* 152 Ariz. 179, 183, 731 P.2d 74, 78 (1987). As we have said, the object of disclosure is to allow the parties "a reasonable opportunity to prepare for trial or settlement—nothing more, nothing less." *Bryan,* 178 Ariz. at 476 n. 5, 875 P.2d at 135 n. 5. Its intent is to eliminate, or at least reduce, hostile and unprofessional conduct in favor of voluntary cooperation and exchange of information. *See* Ariz.R.Civ.P. 26.1 ct. cmt. Unfortunately, some attorneys (and clients) are so accustomed to "hardball" litigation tactics that they have attempted to turn the recent rules amendments into yet another arsenal of technicalities.

Interpreting 26.1(c) to mean "good cause" for providing relief gives trial judges a modicum of discretion to ensure that cases are not ordinarily won or lost on the basis of

*harmless* missed deadlines.[6] Thus, even if a party does not have a valid excuse for failing to timely disclose, permission to use the evidence at trial may, under some circumstances, still be appropriate. The reason for a failure to properly disclose evidence is only one factor in the determination of good cause to grant "leave of court." Others may include, but are not necessarily limited to: the willfulness or inadvertence of a party's (or attorney's) conduct, prejudice to either side that may result from excluding or allowing the evidence, the opposing party's (or attorney's) action or inaction in attempting to resolve the dispute short of exclusion, and the overall diligence with which a case has been prosecuted or defended. For example, both inadvertence and prejudice were effectively considered by this court in *Bryan v. Riddel.* We determined there that plaintiffs had shown "good cause" because there was "an abundance of confusion and uncertainty" regarding the very recently enacted rules, and the opposing counsel essentially knew all the relevant information in the case from prior discovery. *See Bryan,* 178 Ariz. at 476–77, 875 P.2d at 135–36.

Delay, standing alone, does not necessarily establish prejudice. Every late disclosure will involve some delay, but the relevant question must be whether it is harmful to the opposing party or to the justice system. A slight delay in a case such as this, where the trial date has not yet been set, clearly may be less prejudicial than that resulting from an attempt to disclose new witnesses just before trial. *See, e.g., Jones v. Buchanan,* 177 Ariz. 410, 413, 868 P.2d 993, 996 (Ct.App. 1993). Each situation must necessarily be evaluated on its own facts.

Moreover, an opposing party's action or inaction in attempting to resolve a discovery dispute short of calling for the exclusion of evidence can be an important factor. *See Hantsbarger v. Coffin,* 501 N.W.2d 501, 505–

06 (Iowa 1993). Lying in wait is not an acceptable strategy. Allstate's attorneys, though they knew the Kormans had not filed a disclosure statement, did nothing to remind them of their obligation and made no additional requests for the information. Indeed, when Allstate wanted a transcript of a taped conversation, the letter requesting it did not even mention the absence of a disclosure statement. At oral argument on the motion for sanctions, one of Allstate's attorneys implied that he purposely did not continue with other discovery in the case, believing that if he did so the trial court would be less likely to exclude the Kormans' evidence. Such tactics, in the long run, can only serve to cause disrespect and other harm to the civil justice system. The new rules anticipate that attorneys, as officers of the court, will work together to bring about decisions on the merits of cases, rather than try to trip each other with technicalities.

We cannot determine what factors the trial judge considered in declining to exclude the evidence set forth in the June 29 disclosure statement. His refusal to automatically do so would appear to be consistent with our ruling here. Nevertheless, the court's order dated November 23, 1993, is vacated and the case remanded with instructions to determine whether, pursuant to Rule 26.1(c) as we have now interpreted it, good cause exists for allowing the evidence in the Kormans' June 29 disclosure statement to be used at trial. The court may impose any further sanctions it deems appropriate under Rule 26.1(g). It is not required to repeat those entered on November 23, although it may do so. It also has discretion to consider the cumulative effect, if any, of sanctions imposed under both rules.

Finally, it is unclear to us whether the trial court intended, as the parties assume, to prospectively prohibit the Kormans from disclosing and using evidence subsequently dis-

---

6. This interpretation also follows the "last antecedent rule" of statutory construction, recognized in Arizona, which requires that the qualifying phrase "for good cause shown" be applied to the phrase immediately preceding it, "leave of court." *See Phoenix Control Sys., Inc. v. Insur-* *ance Co. of N. Am.,* 165 Ariz. 31, 34, 796 P.2d 463, 466 (1990). The rule, however, is not absolute, and our decision is based on the tenor of the entire disclosure scheme, rather than on technical rules of construction.

covered. The rules provide that "new or different information" can and should be disclosed, without leave of court, up to sixty days before trial so long as the disclosure is "seasonably" made following discovery. Ariz.R.Civ.P. 26.1(b)(2). To remove this right can only further diminish the chance that the case will be resolved on its merits. It will do nothing to solve any problems caused by previous untimely disclosures.

The opinion of the court of appeals is vacated. The matter is remanded to the trial court for further proceedings.

FELDMAN, C.J., MOELLER, V.C.J., and CORCORAN and MARTONE, JJ., concur.