NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

ELIAS CHAPA, *Petitioner/Appellant*,

*v.*

HEATHER MARIE HOUSMAN, *Respondent/Appellee*.

No. 1 CA-CV 14-0560 FC
FILED 7-23-2015

Appeal from the Superior Court in Maricopa County
No. FC2013-007735
The Honorable Christopher A. Coury, Judge

**AFFIRMED**

COUNSEL

Dean W. O'Connor PLLC, Phoenix
By Dean W. O'Connor
*Counsel for Petitioner/Appellant*

Modern Law, Mesa
By Billie Tarascio
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Patricia K. Norris delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Andrew W. Gould joined.

---

**N O R R I S**, Judge:

¶1 Elias Chapa ("Father") appeals from the family court's judgment awarding Heather Marie Housman ("Mother") sole legal decision-making, child support, and primary custody of their child ("Child").[1] On appeal, Father argues the family court abused its discretion by, essentially, failing to properly weigh the evidence and in admitting certain evidence at the evidentiary hearing. We reject each argument and, therefore, affirm the family court's judgment.

**DISCUSSION**

I. Legal Decision-Making

¶2 In awarding Mother sole legal decision-making authority for Child, the family court found Father had failed to rebut the presumption it was not in Child's best interests to award him sole or joint legal decision-making authority based on his acts of domestic violence against Mother. *See* Ariz. Rev. Stat. ("A.R.S.") § 25-403(A) (Supp. 2014)[2] ("The court shall

---

[1]Father also argues the family court's temporary order awarding Mother sole legal decision-making and Father only Skype parenting time was improper. A temporary order, however, is reviewable only by special action and not by appeal after it has been superseded by a final order. *See DePasquale v. Maricopa Cnty. Superior Court*, 181 Ariz. 333, 337, 890 P.2d 628, 632 (App. 1995).

In his notice of appeal, Father also stated he was appealing from the family court's order denying his motion for a new trial and/or to amend the judgment. Father has not, however, raised any argument concerning this order in his appellate briefing.

[2]Although the Arizona Legislature has amended certain statutes cited in this decision after the date of the events giving rise to this

determine legal decision-making . . . in accordance with the best interests of the child."); A.R.S. § 25-403.03(D) (Supp. 2014) (the "domestic violence presumption").

**¶3** On appeal, Father argues "[t]here is no statutory authority" to support "that Mother's witnessing domestic violence against others is grounds to say that Father should not have custody of the child and that violence against someone other . . . than her . . . somehow gives her certain rights to custody in this proceeding[]." Such authority exists, however. The domestic violence presumption provides:

> If the court determines that a parent who is seeking sole or joint legal decision-making has committed an act of domestic violence against the other parent, there is a rebuttable presumption that an award of sole or joint legal decision-making to the parent who committed the act of domestic violence is contrary to the child's best interests.

A.R.S. § 25-403.03(D). The statute defines "domestic violence" to include an act which "[p]laces a person in reasonable apprehension of imminent serious physical injury to any person." *Id.* at (D)(2). Here, the family court found that "[a]lthough Father never hit Mother, Mother credibly testified that she observed Father strike others" who lived in Father's household. The family court further found that, through these and other acts, "Father established an atmosphere inside his home where Mother was placed in reasonable apprehension of imminent physical injury."

**¶4** Father further argues Mother's testimony was not credible, and the family court should have believed Father and his witnesses instead. "We review the family court's decision regarding child custody for an abuse of discretion," however, and we will not re-weigh evidence or redetermine the preponderance of the evidence on appeal. *Hurd v. Hurd*, 223 Ariz. 48, 51–52, ¶¶ 11, 16, 219 P.3d 258, 261–62 (App. 2009). In addition, "[w]e must give due regard to the trial court's opportunity to judge the credibility of the witnesses," and "[e]ven though conflicting

---

appeal, these revisions are immaterial to our resolution of this matter. Therefore, we cite to the current version of these statutes.

evidence may exist, we affirm the trial court's ruling if substantial evidence supports it." *Id.* at 52, ¶ 16, 219 P.3d at 262.

¶5        Here, substantial evidence supports the family court's finding Father had placed Mother in reasonable apprehension of imminent physical injury. Mother testified she witnessed Father regularly beat another woman they lived with, and on one occasion Mother saw Father beat the woman so severely she hyperventilated and urinated on herself. Mother also testified she saw Father beat his teenage sons with a leather belt for not doing chores the way he wanted and spank one of his infant daughters in her crib because she would not go to sleep. Mother's testimony regarding Father's domineering behavior, his threats to kill her, as well as the court appointed advisor's report detailing numerous allegations that Father regularly behaved in a violent and threatening manner all supported the family court's finding.

¶6        Father also argues the family court did not take into account Child's relationship with the other children in the household in awarding Mother sole legal decision-making authority. *See* A.R.S. § 25-403(A)(2). In its judgment, however, the family court specifically considered Child's relationship with her siblings, and it awarded Mother sole legal decision-making after taking into account all relevant factors.

¶7        Moreover, as discussed, because the family court also rested its decision on the domestic violence presumption, it was not necessary for it to consider other factors, such as Child's relationship with her siblings. *See Hurd*, 223 Ariz. at 51, ¶ 13, 219 P.3d at 261 ("[W]hen the party that committed the act of violence has not rebutted the presumption that awarding custody to that person is contrary to the best interest of the child, the court need not consider all the other best-interest factors . . . .").

II.        Parenting Time

¶8        Father argues the family court abused its discretion in awarding him "no parenting time whatsoever." For clarity, we note the family court awarded Father "Skype parenting time" with Child two times per week. The family court found that awarding Father more parenting time "would endanger the Child's physical, mental, moral or emotional health." *See* A.R.S. § 25-403.01(D) (Supp. 2014).

¶9        Given the evidence of Father's violence toward family members and the court appointed advisor's recommendation that Father undergo psychological evaluation before being awarded any parenting time, the family court did not abuse its discretion in granting Father only

Skype parenting time. *See Armer v. Armer*, 105 Ariz. 284, 289, 463 P.2d 818, 823 (1970) (appellate court reviews family court's decision regarding parenting time for abuse of discretion and will affirm "[u]nless it clearly appears that the trial judge has mistaken or ignored the evidence"); *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11, 304 P.3d 1093, 1096 (App. 2013).

III.     Admission of Father's Manslaughter Conviction

**¶10**          Citing Arizona Rule of Evidence 609, Father argues the family court abused its discretion by denying his motion in limine to exclude evidence of his conviction for manslaughter because he was released from prison more than ten years before the evidentiary hearing. *See Larsen v. Decker*, 196 Ariz. 239, 241, ¶ 6, 995 P.2d 281, 283 (App. 2000) ("We review the trial court's evidentiary rulings for a clear abuse of discretion; we will not reverse unless unfair prejudice resulted, or the court incorrectly applied the law." (citations omitted)).  We disagree.

**¶11**          Rule 609 "appl[ies] to attacking a witness's character for truthfulness by evidence of a criminal conviction."  Mother did not offer Father's manslaughter conviction to impeach his character for truthfulness nor did the family court consider it as such.  Instead, the family court properly found the evidence relevant to the merits of the case under A.R.S. §§ 25-403.03(B) (requiring family court to "consider a perpetrator's history of causing or threatening to cause physical harm to another person" as evidence of domestic violence), -403(A)(6) (whether parent is likely to allow child contact with other parent "does not apply if the court determines that a parent is acting in good faith to protect the child from witnessing an act of domestic violence"), and -403.01 (factors to consider in awarding legal decision-making and parenting time).

**¶12**          Father also argues his manslaughter conviction was inadmissible under Arizona Rule of Family Law Procedure 49(B)(3).  That Rule, however, governs what a party *must* disclose, not what a court *may* admit into evidence.

IV.     Admission of M.P.'s Testimony

**¶13**          Father next argues the family court abused its discretion by overruling his objection to the testimony of M.P.—a woman who had been in a romantic, albeit abusive, relationship with Father and lived with him for nine years—because Mother failed to timely disclose it pursuant to Arizona Rule of Family Law Procedure 49(G).

¶14 Under the circumstances here, the family court did not abuse its discretion in allowing M.P. to testify. *See Reid v. Reid*, 222 Ariz. 204, 206, ¶ 8, 213 P.3d 353, 355 (App. 2009) ("The trial court has broad discretion in ruling on discovery and disclosure matters, and we will not disturb its ruling absent an abuse of discretion." (internal quotation marks omitted)). Rule 49(G) provides:

> Each party shall disclose the names, addresses, and telephone numbers of any witness whom the disclosing party expects to call at trial, along with a statement fairly describing the substance of each witness's expected testimony. A party shall not be allowed to call witnesses who have not been disclosed at least sixty (60) days before trial, or such different period as may be ordered by the court.

While the record shows Mother did not timely disclose the substance of M.P.'s testimony and never disclosed M.P.'s telephone number or address, the family court had a "duty to hear all competent evidence offered in determining a child's best interests when making a custody decision," notwithstanding these disclosure violations. *See Reid*, 222 Ariz. at 206, ¶ 9, 213 P.3d at 355; *accord Hays v. Gama*, 205 Ariz. 99, 103, ¶¶ 21–22, 67 P.3d 695, 699 (2003). The family court's decision to admit M.P.'s testimony was congruent with this duty. M.P. testified on matters relevant to Child's best interests including Father's parenting methods, his history of causing harm and threatening to cause harm to others, *see* A.R.S. § 25-403.03(B), and the general atmosphere of fear in his household.

¶15 In addition, the record shows Father was aware Mother was going to call M.P. as a witness before the evidentiary hearing but did not make any attempt to request disclosure pertaining to M.P.'s testimony or otherwise resolve the discovery dispute short of calling for the exclusion of her testimony; "[l]ying in wait is not an acceptable strategy." *See Allstate Ins. Co. v. O'Toole*, 182 Ariz. 284, 288, 896 P.2d 254, 258 (1995) (party who was aware of opposing party's failure to disclose evidence, but "did nothing to remind [opposing litigants] of their [disclosure] obligation and made no additional requests for [non-disclosed] information" was not entitled to preclusion of evidence). Father had notice Mother intended to call M.P. at least 81 days before the evidentiary hearing when Mother filed a motion requesting M.P. be allowed to testify via video conference. Mother also provided Father with a detailed description of M.P.'s anticipated testimony in the parties' joint pre-trial statement, filed 11 days

before the evidentiary hearing. Despite this, Father did not move for a continuance or other accommodation to temper any potential prejudice Mother's late disclosure might have caused. *See Reid*, 222 Ariz. at 207, ¶ 10, 213 P.3d at 356 (party complaining of late disclosure of expert testimony did not seek a continuance to depose expert).

¶16 Furthermore, Mother's non-compliance with Rule 49(G) caused Father minimal, if any, prejudice. *See Allstate*, 182 Ariz. at 288, 896 P.2d at 258 (prejudice among factors to be considered in determining whether to allow untimely disclosed evidence at trial). Although Father asserts that because of the late disclosure "none of [M.P.'s] [medical] records could be obtained, nothing could be obtained to discredit her," he cross-examined M.P. concerning her mental illness, and M.P. testified she was an alcoholic. Moreover, another witness who lived with Father and M.P. corroborated much of M.P.'s testimony.

## CONCLUSION

¶17 For the foregoing reasons, we affirm the family court's judgment. Pursuant to A.R.S. § 25-324 (Supp. 2014), we award Mother her reasonable attorneys' fees and taxable costs on appeal, subject to her compliance with Arizona Rule of Civil Appellate Procedure 21.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama