NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

INES LOYA,
*Petitioner/Appellee,*

*v.*

BARBARA LOYA,
*Respondent/Appellant.*

No. 1 CA-CV 15-0626 FC
FILED 10-18-2016

Appeal from the Superior Court in Maricopa County
No.  FN2014-051124
The Honorable Gerald Porter, Judge (Retired)
The Honorable Joseph C. Kreamer, Judge

**VACATED IN PART AND REMANDED**

COUNSEL

Rader, Sheldon & Stoutner, PLLC, Phoenix
By Diana I. Rader
*Counsel for Petitioner/Appellee*

Guajardo, Johnson & Associates, LLC, Phoenix
By T. Anthony Guajardo
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Jon W. Thompson and Judge Edward W. Bassett joined.[1]

---

**J O H N S E N**, Judge:

**¶1**　　　　Barbara Loya ("Wife") appeals the superior court's decree of dissolution of her marriage to Ines Loya ("Husband"). She argues the court abused its discretion by declining to allow her to present evidence supporting her request for an equalization payment from Husband and by awarding Husband his attorney's fees. For the reasons that follow, we vacate those portions of the decree and remand for further proceedings.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**　　　　Wife and Husband were married in 2002. In February 2014, Husband filed a petition for dissolution. After a series of proceedings detailed below, the superior court set a trial to determine the only two unresolved issues, Wife's request for an equalization payment based on Husband's withdrawals from a community bank account, and Husband's request for attorney's fees. At that trial, however, the court refused to hear Wife's evidence in support of her contention that Husband had withdrawn some $31,000 from a community bank account, ruling that Wife had not served Husband with a pretrial statement that identified that issue for trial.

**¶3**　　　　The court then entered a decree of dissolution pursuant to Arizona Rule of Family Law Procedure 81, further ruling "Wife shall pay 100% of Husband's reasonable attorney's fees." After the matter was assigned to a different superior court judge upon the retirement of the first judge, the court entered an attorney's fees award of $23,193.78.

---

[1]　　　The Honorable Edward W. Bassett, Judge of the Arizona Superior Court, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

¶4        Wife timely appealed.   We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) (2016).[2]

## DISCUSSION

### A.        Wife's Claim for an Equalization Payment.

¶5        Husband contends the superior court would have caused a manifest injustice had it allowed Wife to present evidence in support of her claim to an equalization payment because Wife assertedly failed to timely provide Husband with a pretrial statement that raised the issue.  Under the circumstances, however, we hold the superior court abused its discretion when it declined to allow Wife to present evidence on the issue.  *See Bryan v. Riddel*, 178 Ariz. 472, 476-77 (1994).

¶6        Arizona Rule of Family Law Procedure 76(C) requires parties in a dissolution proceeding to file a pretrial statement and exchange it with the opposing party.  The pretrial statement must contain "detailed and concise statements of contested issues of fact and law."  Ariz. R. Fam. Law P. 76(C)(1)(i). If a party fails to comply with this rule, the court "shall, except upon a showing of good cause, make such orders with regard to such conduct as are just, including . . . an order refusing to allow the disobedient party to support or oppose designated claims."  Ariz. R. Fam. Law P. 76(D)(1).   We review a superior court's decision regarding an alleged violation of Rule 76 for an abuse of discretion.  *See Bryan*, 178 Ariz. at 477; *Jimenez v. Wal-Mart Stores, Inc.*, 206 Ariz. 424, 426, ¶ 5 (App. 2003).[3]

¶7        "The pretrial statement controls the subsequent course of the litigation," *Leathers v. Leathers*, 216 Ariz. 374, 378, ¶ 19 (App. 2007) (quotation omitted), and is intended to avoid unfair surprise at trial, *Carlton v. Emhardt*, 138 Ariz. 353, 356 (App. 1983) ("[T]rial by ambush is a tactic no longer countenanced in Arizona courts.").  This and other like procedural rules, however, are not intended to add to an attorney's arsenal of

---

[2]        Absent material revision after the relevant date, we cite a statute's current version.

[3]        Rule 76 is based on Arizona Rule of Civil Procedure 16; thus, we analyze issues arising under that rule as we would an issue under Rule 16. *See* Ariz. R. Fam. Law P. 1 cmt.  ("Wherever the language in these rules is substantially the same as the language in other statewide rules, the case law interpreting that language will apply to these rules.").

technicalities. *See Allstate Ins. v. O'Toole*, 182 Ariz. 284, 288 (1995). Rather, "[w]henever possible, procedural rules should be interpreted to maximize the likelihood of a decision on the merits." *Id.* at 287 (citing Arizona Rule of Civil Procedure 1 for the proposition that rules should be construed "to secure 'just' determinations"). *Compare* Ariz. R. Civ. P. 1 *with* Ariz. R. Fam. Law P. 1 ("These rules should be construed and enforced in a manner to secure the just . . . determination of every action and proceeding.").

¶8            In her resolution management conference statement filed in October 2014, Wife gave notice that she sought "offset credit and/or reimbursement for one-half of any community property monies in accounts that were transferred to [Husband's] name and or family members['] names," and "one-half of monies [Husband] withdrew from community funds accrued during marriage." Husband filed no resolution management conference statement. At the resolution management conference, the court set a trial for January 2015 to decide, among other things, "equalization of bank accounts."

¶9            In a pretrial statement filed the day before the January trial date, Husband acknowledged that Wife's request for equalization would need to be tried: His statement noted "Equalization of Bank Accounts" as an "outstanding matter for trial." In her pretrial statement, Wife again stated that she "seeks offset credit and/or reimbursement for one-half of any community property monies in accounts that were transferred to [Husband's] name and or family members['] names." She asserted, however, that she was not yet prepared to present evidence about Husband's alleged withdrawals because Husband "has failed to provide proof of his bank accounts, as ordered."

¶10           By the end of the 33-minute January proceeding, the court had resolved all issues between the parties except Wife's request for an equalization payment based on Husband's alleged withdrawals from the community account. In its minute entry, the court noted, "[t]he remaining issue is Wife's claim for one-half of $31,000 that Wife asserts Husband withdrew from a community account." The court set a hearing for February 2015, at which the parties were to exchange financial documents. At the February proceeding, Wife asked Husband to produce bank statements for the accounts that formed the basis of her equalization claim. Because Husband argued he could not access the statements, the court ordered an evidentiary hearing for March 2015 for the purpose of determining "whether Husband has the ability to access those records or not."

¶11 At the March hearing, Husband again acknowledged Wife's claim for an equalization payment relating to the accounts. After hearing that Husband had not yet obtained and produced the account statements Wife had requested in February, the court ordered Husband to produce the bank statements: "My expectation is it's his responsibility to produce it, you need to produce it." The court added, "I just want to make sure father understands – or husband understands, if come June there's no bank statement, the inability of – your inability to provide that bank statement, I will take a negative inference. Not good for husband, in short." Thereafter, the court issued an order setting trial for June 5, 2015, to decide all remaining issues, including "[e]qualization of the bank accounts."

¶12 A week before the June trial date, Wife filed a motion to compel, arguing Husband had yet to produce the bank account statements the court had ordered him to disclose. She also filed a pretrial statement in which she identified "BANK ACCOUNT EQUALIZATION" as a contested issue and reiterated that she had yet to receive the account statements the court had ordered Husband to produce. Husband did not file a pretrial statement.

¶13 At trial, Wife asserted Husband had not yet produced the bank account statements that he had been ordered to produce, and which were the subject of her motion to compel. The court, however, said it would not hear any argument about the discovery dispute.[4] The court then pressed the parties to proceed. The court stated, "I want to know what's left. . . . And it's attorney's fees, what's the equalization of bank accounts?" At that, Wife's counsel reminded the court Wife was seeking half of what Husband had withdrawn from the bank account, referring to an account and referencing an amount of $31,000. After Husband's counsel asserted she did not "know where this $31,000 comes from," the court ruled Wife could not raise the issue of Husband's withdrawal from the bank account because Wife had not identified the issue in her pretrial statement. Wife directed the court's attention to the pretrial statement she had filed a week before, which identified equalization as an issue, but Husband's counsel asserted she had not received a copy of the pretrial statement.[5] The court held the pretrial statement had not been served and ruled the court

_____

4 It was not until during the June trial that Husband disclosed the bank statements to Wife.

5 Wife maintains she mailed a copy of her pretrial statement to Husband in a timely manner, and submitted an affidavit and postal receipt in support of this fact with her unsuccessful motion for reconsideration.

therefore would not address the issue of the bank accounts: "I think this is litigation by ambush. That's what I think this is." The court then proceeded to hear Husband's evidence of asserted unreasonable conduct by Wife during the litigation, which Husband offered in support of his claim for attorney's fees.

¶14 On the record presented, the superior court abused its discretion in violation of Wife's right to due process by refusing at the June trial to take up the long-delayed issue of whether she was entitled to an equalization payment due to Husband's withdrawals from the bank account. Wife had identified the bank account withdrawals as an issue from the beginning of the dissolution proceeding and at every occasion thereafter. Moreover, on multiple occasions before the June trial, Husband acknowledged that the issue of his withdrawals from the bank account would need to be resolved. Indeed, that was the purpose of the March proceeding held to resolve Husband's failure to disclose bank account statements, and the reason the court ordered at that proceeding that Husband was required to produce the statements before the June trial. On this record, it is beyond the pale that Husband or his counsel could have been surprised when Wife sought to offer evidence on the matter at the June trial.

## B.  Attorney's Fees.

¶15 Wife further argues the superior court abused its discretion when it awarded Husband his attorney's fees. The court may award attorney's fees in dissolution proceedings pursuant to A.R.S. § 25-324 (2016) after considering the parties' financial resources and the reasonableness of their positions throughout the proceedings. In light of our analysis above, we vacate the award of attorney's fees in favor of Husband and remand that issue for further proceedings. In the event the superior court is called upon to consider a fee award to either party, it shall ascertain and take into account, *inter alia* (1) whether and when Husband complied with the court's order to disclose bank account statements, and (2) Husband's apparent assertion at the June 2015 trial that he was unaware that Wife intended to try the issue of his alleged withdrawals from the bank account.

## CONCLUSION

¶16 We vacate the superior court order declining to allow Wife to present evidence in support of her claim to an equalization payment based on Husband's withdrawals from the community account and remand that issue for resolution. We also vacate and remand the portion of the decree

awarding all reasonable attorney's fees to Husband, and we decline Husband's request for an award of attorney's fees on appeal. Wife is entitled to recover her taxable costs on appeal, upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA