NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

HKB, INC., *Plaintiff/Appellee,*

*v.*

IMPERIAL CRANE SERVICES, INC., *Defendant/Appellant.*

No. 1 CA-CV 21-0715
FILED 9-27-2022

---

Appeal from the Superior Court in Maricopa County
No. CV2018-000548
The Honorable M. Scott McCoy, Judge

**AFFIRMED**

---

COUNSEL

Broening Oberg Woods & Wilson PC, Phoenix
By Robert T. Sullivan, Tyler M. Abrahams, Kelley M. Jancaitis
*Counsel for Plaintiff/Appellee*

DKL Law PLLC, Scottsdale
By David W. Lunn, Kathryn A. Lunn
*Counsel for Defendant/Appellant*

---

## MEMORANDUM DECISION

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Vice Chief Judge David B. Gass joined.

---

**B A I L E Y**, Judge:

¶1 Defendant Imperial Crane Services, Inc. ("Imperial") appeals the denial of its post-appeal motion for sanctions against plaintiff HKB, Inc. ("HKB"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 In 2015, Imperial leased several industrial cranes from HKB, which was doing business as Southwest Industrial Rigging. During the lease, a crane known as Unit 1587 sustained damage to its telescopic boom. The lease agreement required Imperial to pay all repair costs, apart from normal wear and tear, during the lease term and also to be liable for rent during repair periods.

¶3 The damage to Unit 1587 made it inoperable for a significant period of time and the crane was stored for some time at Imperial's property. A towing company ("Rig Runner") was hired to transport Unit 1587 to a repair company. After Unit 1587 was loaded onto a trailer for transportation, Rig Runner's "driver proceeded to drive out of [Imperial's] yard, cross the street into [a] ditch, and flip the trailer [throwing] the boom off onto the ground upside down, further damaging the machine and blocking the road for several hours." This rollover caused damage to the crane's exterior. The damage to Unit 1587 (both to the telescopic boom and to the exterior) was repaired after the crane was returned to HKB.

¶4 HKB sued Imperial for various claims arising from the lease agreements, including for rent and repairs to Unit 1587. During the litigation, Imperial's insurer paid $161,454.69 to HKB for repairs to Unit 1587's telescopic boom. The superior court held a bench trial in 2020 and found for HKB on Imperial's liability for the repairs to Unit 1587. Finding Imperial's insurer had satisfied this obligation through the $161,454.69 payment to HKB, the court awarded HKB no damages on that claim.

¶5         The Court also found Imperial responsible for rental payments for periods in which Unit 1587 was inoperable, including when it was being repaired and after the crane was returned to HKB.  The court awarded HKB $269,064 in rent for this period, representing $19,000 in monthly rent for more than 14 months.

¶6         Imperial appealed the final judgment, which we affirmed in most respects.  *See generally HKB, Inc. v. Imperial Crane Servs., Inc.*, 1 CA-CV 20-0402, 2021 WL 2324931 (Ariz. App. June 8, 2021) (mem. decision).

¶7         After we issued our mandate affirming the judgment, Imperial filed a post-judgment motion under Arizona Rule of Civil Procedure 37(c)(3)(C), asking the court to either set aside the judgment and strike HKB's complaint or order monetary sanctions.  Imperial argued HKB intentionally withheld evidence that Rig Runner paid for the rollover damage and therefore was paid twice for the same damages.  The superior court denied the motion, and Imperial appealed.

¶8         We have jurisdiction over Imperial's timely appeal pursuant to Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2).

## DISCUSSION

## I.         Imperial's Motion for Sanctions

¶9         We review a ruling on a motion for sanctions for an abuse of discretion.  *See Roberts v. City of Phoenix*, 225 Ariz. 112, 119, ¶ 24 (App. 2010). We will affirm if any reasonable evidence supports the conclusion of the superior court.  *Id.*  "A factual determination about the scope of disclosure is for the trial court to make." *Zimmerman v. Shakman*, 204 Ariz. 231, 237, ¶ 22 (App. 2003).  The relevant inquiry in determining whether to impose sanctions for violating disclosure or discovery obligations is the prejudice to either the opposing party or the justice system.  *See Allstate Ins. Co. v. O'Toole*, 182 Ariz. 284, 288 (1995).

¶10         Imperial argues that because its insurer paid $161,454.69 and Rig Runner also paid $85,865.07 for damages to Unit 1587, Imperial was prejudiced by being required to pay for repairs for which HKB was already compensated.  But the record does not support Imperial's argument. Instead, the record reflects two insurance adjuster reports for two separate incidents damaging the crane and resulting in two separate repairs: a report to replace the telescoping boom damaged while in Imperial's care and a

report for the exterior damage caused by the rollover. HKB disclosed both reports to Imperial in the litigation.

¶11    Imperial has not shown it was prejudiced by the alleged nondisclosure of the Rig Runner payment. Even if Rig Runner's payment were relevant to Imperial's insurance payout, sufficient evidence shows that HKB was not paid twice for the same damage. Rig Runner paid for damage related to the rollover, not "the original damage to the boom" under Imperial's purview.

¶12    As for any alleged double payment in the judgment, Imperial has shown none. Although the superior court found that Imperial was liable for repairs to Unit 1587, including those resulting from the "extraordinary bad luck" of the trailer rollover, it acknowledged that Imperial's insurer had paid for that damage to Unit 1587 and awarded HKB no repair damages as a result. On this record, we cannot say that the superior court erred by declining to sanction HKB.

¶13    Imperial last states that Rig Runner's payment might be relevant to issue monetary sanctions to offset the rental damages awarded against Imperial at trial. Imperial, however, has not shown how: Rig Runner paid for repairs caused by its conduct, not rent. Further, at trial, Imperial was found liable for rent for the period Unit 1587 was being repaired *under the lease agreement*, which required it to pay rent for any repair period during the term of the lease agreement. Rig Runner's damages payment changes nothing about Imperial's responsibilities under the lease agreement. Imperial's additional argument on appeal that Rig Runner's payment somehow "negated" a contractual provision has no merit, and in any event was not presented to the trial court. The superior court did not err by denying Imperial's sanctions request.

## II.    Attorneys' Fees and Costs

¶14    HKB requests reasonable attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and -341.01. It also requests an award against Imperial and its counsel for filing a frivolous appeal under Arizona Rule of Civil Appellate Procedure ("ARCAP") 25 and A.R.S. § 12-349.

¶15    As this appeal arises out of a contract, we award HKB its reasonable attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and -341.01 upon HKB's compliance with ARCAP 21, but we decline to award sanctions.

## CONCLUSION

¶16      We affirm.

