NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JOHN HASTINGS; JILL HASTINGS, *Plaintiffs/Appellants*,

*v.*

JEFFREY DUMAS; CHRISTINA DUMAS, *Defendants/Appellees*.

No. 1 CA-CV 15-0608
FILED 2-16-2017

Appeal from the Superior Court in Maricopa County
No. CV2013-013671
The Honorable Arthur T. Anderson, Judge

**AFFIRMED**

COUNSEL

John Hastings, Jill Hastings, Las Vegas, Nevada
*Plaintiffs/Appellants*

Sandler Law Group, LLC, Phoenix
By Bryan N. Sandler
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

---

**W I N T H R O P**, Judge:

¶1        John and Jill Hastings[1] appeal the superior court's order granting Jeffrey and Christina Dumas' motion to dismiss. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In 2010, John Hastings ("Plaintiff"), a former tenant of Jeffrey and Christina Dumas (collectively, "Defendants"), filed a complaint in the West Mesa Justice Court,[2] alleging Defendants violated various sections of the Arizona Residential Landlord and Tenant Act ("Landlord and Tenant Act") by not returning Plaintiff's rental security deposit and failing to adequately maintain the rental space.[3] Defendants then filed counterclaims, alleging Plaintiff damaged the rental space and libeled Defendant Jeffrey Dumas by making defamatory statements about him on the Internet.

¶3        In May 2011, after a bench trial, the justice court granted judgment to Plaintiff in the amount of $600 and to Defendants in the amount of $2000.

---

[1]      Jill Hastings' name first began to appear on pleadings in 2012. The record is not clear, however, as to why she is a named party in the lawsuit.

[2]      The matter was later transferred to the North Mesa Justice Court due to a conflict.

[3]      Plaintiff also alleged negligence, breach of contract, invasion of privacy, harassment, intentional infliction of emotional distress, malicious prosecution, retaliation, slander, libel, and multiple other violations under the Landlord and Tenant Act. Further, he claimed Defendants had "unjustly enriched themselves" by over-charging him.

¶4	Plaintiff filed a notice of appeal to the superior court.  But because the audio recording from the justice court could not be located, that judgment was vacated and the matter was set for a new trial.

¶5	Plaintiff then filed an amended complaint and Defendants refiled their counterclaims.  Because the counterclaims alleged damages that exceeded the jurisdiction of the justice court, the matter was transferred to the superior court in October 2013.

¶6	The parties subsequently engaged in a contentious discovery dispute.  In August 2014, Defendants moved to compel discovery responses.  *See* Ariz. R. Civ. P. 37(a).

¶7	At a pretrial conference in September 2014, both parties, through counsel, informed the judge that they had reached a resolution regarding the outstanding discovery issues.  Plaintiff requested and was given leave to file an amended complaint, and agreed to do so by October 24, 2014.

¶8	In late October 2014, and again in November 2014, Plaintiff moved for extensions of time to file the amended complaint.[4]  After a hearing in December 2014, the court denied Plaintiff's requests.  Defendants then made an oral motion to dismiss with prejudice, which the court granted, finding that Plaintiff had deliberately failed or refused to participate in discovery on a good-faith basis, and had violated Arizona Rule of Civil Procedure 11.  In making its ruling, the court stated, "there is no indication that [Plaintiff's] counsel has not acted ethically and diligently in trying to respond to this court's orders in his representations to this court.  Default [sic] here lies at the feet of Mr. Hastings."  The court later entered judgment, dismissing Plaintiff's complaint with prejudice and awarding attorneys' fees and taxable costs to Defendants.

¶9	Plaintiff filed a timely notice of appeal, and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and

---

[4]	In his first request for an extension, Plaintiff's counsel stated he was having "scheduling difficulties" with his clients.  In the second request, counsel stated he had been unable to file the amended complaint because he had "been bedridden with [the] flu."

Arizona Revised Statutes ("A.R.S.") sections 12-2101(A)(1) (2016)[5] and 12-120.21(A)(1) (2016).

**ANALYSIS**

**¶10**      Plaintiff argues the trial court abused its discretion in granting Defendant's motion to dismiss.[6]

**¶11**      "On appeal from a dismissal based upon discovery violations, we will affirm a trial court's order unless the record reflects a clear abuse of discretion." *Rivers v. Solley*, 217 Ariz. 528, 530, ¶ 11, 177 P.3d 270, 272 (App. 2008).  Dismissal generally requires an evidentiary hearing and "is warranted only when the court makes an express finding that a party, as opposed to his counsel, has obstructed discovery." *Wayne Cook Enters., Inc. v. Fain Props. Ltd. P'ship*, 196 Ariz. 146, 149, ¶ 12, 993 P.2d 1110, 1113 (App. 1999) (internal citations omitted).  Although the court must first consider lesser sanctions, *see id.*, dismissal may be warranted where a party has shown a "willful and bad faith" failure to comply with discovery requirements.  *See Poleo v. Grandview Equities, Ltd.*, 143 Ariz. 130, 133, 692 P.2d 309, 312 (App. 1984).

**¶12**      Here, the record supports the trial court's findings that Plaintiff violated the discovery rules, refused to cooperate with counsel, and impeded the case from advancing.  The record indicates Plaintiff filed his initial complaint against Defendants in 2010.  While the case was before the justice courts, Plaintiff requested a change of judge on two separate occasions; objected to the appointment of a *pro tempore* judge; moved for a change of venue; filed multiple motions to continue; and, at one point, requested that the matter be "placed on a total hold" for five months to accommodate his school schedule.

---

[5]      We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

[6]      From what we can discern from his briefs, Plaintiff also contends his counsel committed malpractice.  However, "a party [in the civil context] generally cannot obtain post-judgment relief because of the inexcusable neglect of counsel." *Glaze v. Larsen*, 207 Ariz. 26, 31, ¶ 20, 83 P.3d 26, 31 (2004).  Plaintiff's remedy, to the extent he is entitled to one, is through a malpractice action.  Accordingly, we do not address this argument.

¶13      In the superior court, Plaintiff continued to stall the progress of litigation and disregarded discovery obligations.  He refused to cooperate with opposing counsel in the scheduling of his deposition and provided inadequate responses to discovery.  Even after stipulating that he would answer all outstanding discovery, Plaintiff hindered his own attorney's ability to produce responses to discovery by providing "scant" and "insufficient" information.  Plaintiff's conduct was therefore not the result of a lack of awareness of his obligations as a litigant,[7] but rather a willful disregard of the deadlines imposed by the court and a bad faith failure to comply with discovery requirements.

¶14      Additionally, the trial court considered lesser sanctions before dismissing the case.  The court initially stated it would review Plaintiff's discovery responses and deem admitted any requests for admission to which Plaintiff had supplied inadequate responses or baseless objections.  However, after consulting with both counsel and "discuss[ing] procedurally some of the things that [] occurred," the court determined dismissal with prejudice was warranted.  *See* Ariz. R. Civ. P. 37(b)(2)(A)(v) ("If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may enter further just orders," which may include "dismissing the action or proceeding in whole or in part.").

¶15      Because the record supports the trial court's findings and conclusions of law, we find no abuse of discretion.

## CONCLUSION

¶16      The superior court's order is affirmed.  We deny Plaintiff's request for attorneys' fees and costs, but award Defendants their taxable costs on appeal, subject to compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[7]      The court had previously warned both parties that "[a] filing without a sufficient good faith belief in its legal or factual basis puts the signor at risk for sanctions."  The court also informed Plaintiff that, when appearing *in propia persona*, he would be held to the same standards as a lawyer.

5