NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

MARIN MANAGEMENT, INC.,
*Plaintiff/Appellee,*

*v.*

REX INVESTMENT COMPANY, LTD.,
*Defendant/Appellant.*

No. 1 CA-CV 20-0352
FILED 2-18-2021

---

Appeal from the Superior Court in Yuma County
No.  S1400CV201700547
The Honorable Levi Gunderson, Judge *Pro Tempore*

**REMANDED**

---

COUNSEL

The Law Offices of Ryan C. Hengl, Esq., P.L.C., Yuma
By Ryan C. Hengl
*Counsel for Appellant*

Bowman, Smith & Kallen, PLLC, Yuma
By Alan C. Bowman
*Co-Counsel for Appellee*

Stephen A. Fraser, Esq., Sausalito, California
*Co-Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Brian Y. Furuya joined.

---

**T H U M M A**, Judge:

¶1 Defendant Rex Investment Company, Ltd., appeals the superior court's entry of default judgment, as a discovery sanction, in favor of plaintiff Marin Management, Inc. Because the record is not clear whether Rex, Rex's counsel or some combination obstructed discovery, the matter is remanded for an evidentiary hearing on that issue.

## FACTS AND PROCEDURAL HISTORY

¶2 Marin filed a complaint against Rex in 2017 for breach of contract. After Rex answered, Marin served its first discovery requests in late 2017 and early 2018. Rex requested, and Marin agreed to, several extensions of time to respond. In May 2018, Rex produced some records and responded to some interrogatories, but failed to respond to others. Marin moved to compel, seeking complete responses. Rex responded that it did not provide complete responses because the requests required it to review almost ten years of documents and files, which it claimed would be unduly burdensome. Rex also responded that it had only one person available to provide the requested information, and that person's mother had passed during this time and caused great strain on his ability to respond.

¶3 After considering the filings, the court granted Marin's motion to compel and ordered Rex to provide its responses by August 2, 2018. The court also awarded Marin $4,000 in attorneys' fees. Rex provided a few additional records at a July 2018 deposition, but did not produce the additional responses by the August 2, 2018 deadline. Nor did Rex pay Marin the fees ordered by the court.

¶4 In October 2018, Marin served a second set of discovery requests on Rex, which sought documents and information Rex failed to provide in response to the first set of discovery requests. Rex did not respond to this second set of discovery requests, and on January 16, 2019, Marin filed a second motion to compel. Marin concurrently moved for

2

terminating sanctions. *See* Ariz. R. Civ. P. 37(b) (2021).[1] Rex then filed an untimely objection to Marin's second set of interrogatories. Although Rex's objections were drafted on January 11, 2019, counsel for Marin did not receive them until January 23, 2019, after Marin had moved to compel.

**¶5**        After oral argument, the superior court ordered Rex to respond to Marin's second set of discovery requests by July 1, 2019. The court denied Marin's motion for terminating sanctions but awarded Marin $2,000 in attorneys' fees. The court further indicated that if Rex did not pay the outstanding fee awards and respond to Marin's discovery requests by July 1, 2019, then Marin could re-file a request for terminating sanctions.

**¶6**        Rex failed to respond to the second set of discovery requests and failed to pay the fee awards. On August 5, 2019, Marin filed a second motion for terminating sanctions. After oral argument, the court found Rex failed to comply with its orders regarding discovery responses and failed to pay the fee awards. The court also found Rex failed to present good cause for such failure. Accordingly, the court granted Marin's motion and struck Rex's answer.

**¶7**        Marin then sought default, and default judgment was entered against Rex. This court has jurisdiction over Rex's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶8**        If a party fails to obey a court order to provide discovery, the court may impose sanctions, including striking pleadings. Ariz. R. Civ. P. 37(b)(2)(A). A court's ruling on disclosure and discovery matters is reviewed for abuse of discretion. *Marquez v. Ortega*, 231 Ariz. 437, 441 ¶ 14 (2013). The discretion to dismiss a case for discovery violations is more limited than when imposing lesser sanctions. *See Rivers v. Solly*, 217 Ariz. 528, 530 ¶ 11 (2008); *see also Montgomery Ward & Co., Inc. v. Stover*, 176 Ariz. 619, 621 (1993).

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**¶9**        "Sanctions imposed for a violation of the discovery rules 'must be appropriate [] and . . . preceded by due process.'" *Hammoudeh v. Jada*, 222 Ariz. 570, 572 ¶ 6 (App. 2009) (quoting *Montgomery Ward*, 176 Ariz. at 622). "The sanction of dismissal is warranted only when the court makes an express finding that a party, as opposed to his counsel, has obstructed discovery, and that the court has considered and rejected lesser sanctions as a penalty." *Wayne Cook Enter., Inc. v. Fain Props. Ltd. Partnership*, 196 Ariz. 146, 149 ¶ 12 (App. 1999) (citing cases). Where the responsibility for the obstruction (client, lawyer or both) is unclear, "fundamental fairness requires" the court to hold an evidentiary hearing to make that determination. *See Robinson v. Higuera*, 157 Ariz. 622, 625 (App. 1988).

**¶10**        Here, the superior court found Rex did not present good cause for failing to comply with the court's orders. The record, however, does not reflect whether that failure was caused by Rex, counsel for Rex or both. While counsel for Rex appeared, Rex was never present at any of the hearings. Nor does the record contain any communications between counsel and Rex's representative, any statements by Rex's representative or similar evidence that would resolve whether Rex was responsible for the misconduct. An evidentiary hearing is needed to determine whether the party or the party's counsel is responsible for the failure to comply with discovery orders. *See Montgomery Ward*, 176 Ariz. at 621.

**CONCLUSION**

**¶11**        This matter is remanded so the superior court may conduct an evidentiary hearing. If, after that hearing, the court finds Rex was responsible for the failure to comply, the court may reinstate the default judgment against Rex. If the court finds otherwise, the court may impose other appropriate sanctions short of terminating the case. Marin's request for attorneys' fees incurred on appeal is denied without prejudice pending final resolution of the matter. Given the remand, neither party is awarded taxable costs on appeal.



AMY M. WOOD • Clerk of the Court
FILED:    AA